23 683
38 682

## J. O. MILLIGAN & CO., PLAINTIFF IN ERROR, V. GEORGE BUTCHER, DEFENDANT IN ERROR.

1. **Evidence** examined, and *Held*, To sustain the verdict.

2. **Evidence.** In an action for the price of certain grain alleged to have been delivered by the plaintiff to the defendant, the weigh checks issued by the agent of the defendant in the usual course of business are competent evidence for the purpose of proving the number of bushels or pounds of grain delivered.

3. ———: PARTNERSHIP. In an action against a company or partnership composed of persons whose names are given in the petition, the certificate of partnership, as shown by the records of the county, is admissible for the purpose of showing the names of the members of such firm or partnership.

4. **A New Trial** will not be granted for errors not prejudicial to the party complaining.

5. **Impeaching Witness.** One of the methods of impeaching a witness is by showing that he has made statements out of court at variance with his testimony. This rule may be applied to party to action as well as to a disinterested witness, and the

fact that the matter upon which a witness testified may involve an admission which might be proved as having been made against his interest would not change the rule.

6. **Sale:** MARKET VALUE OF GRAIN. Where, in an action for the purchase price of grain alleged to have been delivered upon a contract by which the price was fixed and agreed upon, the answer being a general denial, the parties upon the trial offered evidence, without objection, tending to show the market value of the grain at the time of its delivery, it was proper for the court to instruct the jury, in substance, that, if they found that the grain was actually delivered and no contract was made as to the price, the plaintiff might recover the value of the grain so delivered.

ERROR to the district court for Wayne county. Tried below before POWERS, J.

*Frank Fuller*, for plaintiff in error, cited: *Gregory v. Cameron*, 7 Neb., 419. Bishop Cont., Sec. 178. Benjamin on Sales, Sec. 39. *Townsend v. Corning*, 23 Wend., 435. *Athe v. Bartholemew*, 33 N. W. R., 112. Story Eq., Sec. 192. *Wendall v. Van Rensselaer*, 1 John. Ch., 344. *Bank v. Lee*, 13 Pet., 107. *Merchants Bank v. State Bank*, 10 Wall., 604. *Hooper v. Browning*, 27 N. W. R., 419. *McDonald v. McDonald*, 34 Id., 276.

*Northrop & Welch*, for defendant in error, cited: *Cropsey v. Averill*, 8 Neb., 158.

REESE, CH. J.

By the petition filed in the district court it was alleged, that plaintiff in error (Milligan & Co.) was a company formed for the purpose of carrying on business in the state of Nebraska, and not incorporated, and that on the eighth, ninth, and tenth days of November, 1886, defendant in error sold and delivered to plaintiff in error, at its special instance and request, two hundred and ninety-six and nine-tenths bushels of flax, at seventy cents per bushel,

amounting to $207.83, and one hundred and eighty bushels of wheat, at forty-eight cents per bushel, amounting to $86.40, then agreed to be paid therefor by plaintiff in error; that no part of the same had been paid, and there was due thereon the sum of $294.23, with interest, for which judgment was demanded.

The answer consisted of an admission of the allegation of the petition, that plaintiff was an unincorporated company formed for the purpose of transacting business in the state. All other allegations were denied.

There was a jury trial, which resulted in a verdict in favor of defendant in error for the amount claimed in the petition, and for which judgment was rendered. A motion for a new trial was filed by plaintiff in error, which consisted of the following grounds:

"*First*, The verdict is contrary to law.

"*Second*, The verdict is not sustained by sufficient evidence.

"*Third*, The court erred in admitting weigh checks issued at Winside.

"*Fourth*, The court erred in admitting the record of Wayne county, showing the co-partnership existing between J. O. Milligan and P. A. English.

"*Fifth*, The court erred in the admission of certain testimony against the objections and exceptions made at the time by the defendant.

"*Sixth*, Errors of the court in admitting and excluding testimony prejudicial to the defendant during the trial.

"*Seventh*, The court erred in giving instructions fifth and seventh, as asked by plaintiff."

This motion was overruled, and judgment entered upon the verdict. Defendant in the action, as plaintiff in error, presents the case to this court for review.

In disposing of the first and second grounds for a new trial, it may be sufficient to say that, upon an examination of the testimony introduced, we find the verdict to be

sufficiently sustained by the testimony. In short, it could not well have been otherwise. As shown by the petition, the action was for the price of a certain quantity of flax and wheat delivered to plaintiff in error by defendant in error. The delivery of the grain is fully established by the testimony on the part of defendant in error, and not in reality denied by plaintiff in error, yet we observe that, in many places in the testimony on the part of the defense, it is stated, in terms, that they bought no grain of the kind named of defendants in error. Upon a careful analysis of the testimony referred to, we find that it is sufficiently shown, even by the defense, that a quantity of flax and wheat was delivered at the elevator of plaintiff in error, at Winside, which corresponded with the amount named in the petition, but for some reason, which is not made clear by the testimony of plaintiff in error, it seems that the title of defendant in error to the grain mentioned was disputed; yet it is not shown that it belonged to any other person, or that any good reason existed why defendant in error should not receive the price.

The third ground for a new trial, that the court erred in admitting weigh checks issued at Winside, cannot be sustained. A number of such checks were introduced in evidence, and admitted over the objections of plaintiff in error. They were issued by one J. M. Cherry, who was shown to be plaintiff's agent, and by the clear weight of testimony represented the amount of grain delivered. The question of the order of proof does not arise, but if it did, while it is apparent that but little regard was paid to the order and methods of introducing testimony, and the checks referred to were introduced out of the usual order, yet no prejudice could result to the losing party by such course, and that alone would not be sufficient to warrant a reversal of the judgment.

Referring to the fourth clause of the motion for a new trial, that the court erred in admitting the record of

Wayne county, showing the partnership existing between Milligan & English, the question is not fully presented by the record, as we are unable to find such a record in the bill of exceptions. But we cannot see that plaintiff in error could have been prejudiced by the admission of such record, in any event, as it could do no harm, if wrongfully admitted. But it is probably true that the introduction of this instrument or record was for the purpose of showing the relation existing between English and the firm, in order to render admissible as against such firm certain admissions and conversations by him.

The fifth and sixth grounds for a new trial contained in the motion may be considered together. They are, in brief, that the court erred in his rulings in the admission and rejection of testimony during the trial. These objections refer principally to the order in which the testimony was introduced. We have examined the bill of exceptions, and find no prejudicial error upon the matter of the admission or rejection of testimony. As measured by rules of evidence in that behalf, it cannot be denied but that the case was presented to the jury without much regard to the order usually observed in the introduction of testimony. But, as we have seen, no prejudice resulted therefrom, and no complaint was made upon that ground at the time. Every opportunity was given by the trial court for a full and complete investigation of all matters in issue by plaintiff as well as by defendant, and we are unable to find where any prejudice could result from the rulings of the court or from the order in which the testimony was introduced.

It is further insisted that the court erred in giving instructions numbered five and seven as asked by defendant in error. These instructions are as follows:

"5th. The court instructs the jury that one of the modes of impeaching a witness is by showing that he has made statements out of court at variance with his state-

ments on the witness stand, and if the jury believe from the evidence that any witness has made statements, at another time and place, at variance with his evidence in this case, regarding any material matter testified to by him, then it is the province of the jury to determine to what extent this fact would impeach either his memory or his credibility, or detracts from the weight which ought to be given to his testimony."

"7th. The plaintiff requests the court to charge the jury that, if they find from the testimony that the plaintiff delivered to the defendants the flax and wheat in controversy, and there had been no previous contract for the sale or purchase of it, the reception of the same by defendant would be sufficient to entitle the plaintiff to recover the market value of the same."

The objection to number five is, that it was not warranted by the testimony. As an abstract proposition of law, it is conceded to be correct, but it is insisted that there was no testimony introduced to warrant the giving of the instruction. Strictly speaking, this is perhaps true, as no effort was made to impeach the general reputation of any witness for truth and veracity. The attention of one of the members of the firm constituting the plaintiff in error, when upon the witness stand, was called to certain conversations, alleged to have been had between himself and defendant in error, in the presence of a third party. In some respects his testimony amounted to a denial of any such conversation or statements as presented in the interrogatory. The general tenor of his testimony, however, upon that part of the case, was to the effect that he did not remember the conversation. Defendant in error then in his turn called two witnesses, one of whom was himself, for the purpose of proving the conversation. This was competent, not only for the purpose of impeachment, but particularly as tending to prove an admission made by the witness against his interest.

While it was competent for the latter purpose, it incidentally served the purpose of impeachment, and, therefore, the instruction was correctly given.

The objection to the seventh instruction is, that it is a virtual abandonment of the contract alleged in the petition, and an effort made by defendant in error to recover on the *quantum meruit.*

There can be no doubt, from the whole testimony, but that flaxseed and wheat were delivered to plaintiff in error, corresponding in quantity with the allegations of the petition. The only real issue made was, as to the contract having been made prior to delivery, by which the price was fixed or determined. Ordinarily the position taken by plaintiff in error, as to this instruction, might be considered correct, but in view of the course taken by the parties on the trial, we think the instruction was properly given. As we have said, the answer was a general denial. Under it, the plaintiff in error seems to have endeavored to show that the contract was not made as claimed, and that the grain and flax were not worth so much in the market as the alleged contract price. No objection was made to this defense as presented by plaintiff in error, and, in view of this evidence, it was competent for the court to instruct the jury as it did.

It is contended in the brief of plaintiff in error that the first proposition which presents itself is, whether there was an absolute sale of the property in controversy by defendant to plaintiff, and, if not, then the only question to be considered is, whether there was a delivery and acceptance. That if no contract was made and no material obligations assumed which could be construed into a contract of sale, the action could not have been maintained. In a proper case the position taken by plaintiff in error is undoubtedly sound, that a mere offer or promise, not accepted, involves no agreement and cannot constitute a contract. But in the case at bar, it is clearly shown that grain and

44

flax were delivered by defendant in error and accepted by plaintiff in error. This, of itself, would create an implied obligation on the part of plaintiff in error, to pay for the property thus received, and under the circumstances in this case would present sufficient proof to create a presumption in favor of the contract alleged. The only suggestion contained in the brief as to a legitimate defense is in the contention that defendant in error could not, with full knowledge of the whole transaction, " rest on his oars until the matter was closed up with Haguewood, and then complacently step in and claim the proceeds." But there is no proof in the record that the property that was purchased was the property of Haguewood, nor that he ever made any claim to the money to be paid therefor. Neither is there any proof that the grain had ever been paid for to any other person. If another than the defendant in error was the owner of the flax and grain, it ought to have been shown upon the trial. If another claimed the money he might have been required to appear and assert his title thereto. Nothing of this kind was done, and we must presume that plaintiff in error made all the defense he had. If he did, the verdict of the jury was clearly right, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.