JACOB SCHNEIDER V. PATTERSON, MURPHY & COMPANY.

FILED JANUARY 3, 1894. NO. 5029.

1. **Evidence of Partnership.** The record of the certificate pro-
vided for in sections 27 to 29, chapter 65, Compiled Statutes, is
not the only evidence by which the existence of a partnership
may be established. Notwithstanding that statute, a partner-
ship may be proved by any method permissible before the en-
actment.

2. **Landlord and Tenant:** DESCRIPTION OF LAND IN LEASE:
PAROL EVIDENCE. A written lease described the demised
land as "four acres out of lot four," in a certain governmental
subdivision "lying north of the railroad track." *Held*, That in
an action between the lessor and lessee's assignee parol evidence
was admissible to show that the lessor and lessee, about the time
the lease was made, had gone upon the land and agreed upon
certain lines and monuments as defining its boundaries.

3. **In an action by the lessee's assignee against the lessor
to recover damages** because the lessor had subsequently
leased a portion of the land to a third person, placed such third
person in possession and excluded the plaintiff therefrom, *held*,
that it was no defense to show that the assignee, at the time of
the assignment, knew of the subsequent lease, or of the original
lessee's exclusion, the assignee standing in the place of the
original lessee and being entitled to all his rights.

4. **Landlord and Tenant:** BREACH OF LEASE: MEASURE OF
DAMAGES. Where such lease was made for the purpose of en-
abling the lessee to mine sand from the land, the measure of
damages is the value of the occupancy of the land for that pur-
pose; and evidence showing the quantity of sand upon the land,
the cost of removing the sand, and its market value is admissi-
ble for the purpose of ascertaining the damages.

ERROR from the district court of Cass county. Tried
below before FIELD, J.

*W. L. Browne* and *E. H. Wooley*, for plaintiff in error.

*A. N. Sullivan*, contra.

IRVINE, C.

Patterson, Murphy & Co., by that name, brought this action in the district court of Cass county, alleging that the plaintiffs were a partnership formed for the purpose of doing business in this state; that the defendant Schneider leased a tract of land of four acres in Cass county for the term of five years to one Jerry L. Farthing and received the full rent therefor; that the lease was made with the privilege of taking sand from the land; that Farthing assigned the lease to plaintiffs, and then, at some length, the petition alleges that Schneider leased two and one-quarter acres of said land to another company and put the lessee in possession, and prays damages for the exclusion of plaintiffs from that portion of the land. Two answers appear in the record. It may be assumed that the later one filed was intended as an amended answer and will be treated as such. By that answer, Schneider avers that the "full amount of ground claimed by plaintiffs in this action was by them taken, occupied, and used, and that no part of the ground sold to the Omaha Gravel Company was included in the purchase so made by plaintiffs or their assignor herein. Defendant, therefore, denies each and every material allegation in said cause alleged and avers that plaintiffs have nothing to complain of. The defendant denies that there is in existence any such person or firm as plaintiff alleged herein." There was a verdict and judgment for plaintiffs.

The first assignment of error to be noticed relates to the admission of parol testimony to prove the existence of the partnership. This evidence was objected to as incompetent, for the reason that sections 27, 28, and 29 of chapter 65, Compiled Statutes, provide for filing in the office of the county clerk a certificate showing the names of individuals doing business under a firm name and make that record evidence. It is claimed that such certificate is the only

competent evidence of the existence of a partnership. It is doubtful whether this issue was really presented by the pleadings. The affirmative averment that plaintiffs had occupied all the land leased seems to be inconsistent with the denial of the existence of plaintiffs. However, the trial court treated the issue as properly raised, and the question is one of importance and will be considered upon its merits.

The statute referred to provides in section 27 that any association of persons doing business in any county under a firm, partnership, or corporate name, and not incorporated under the laws of this state, shall have recorded in the office of the county clerk of the county where the place of business is located, a certificate signed by each member of said association showing, first, the name of the association; second, the general nature of the business and principal place of doing business; and third, the full name and residence of each individual member of the association. Section 28 provides for the recording of such certificates and makes the record or a certified transcript *prima facie* evidence of the facts therein set forth. Section 29 provides a penalty against any person who shall, for the space of twenty days, fail, neglect, or refuse to comply with the provisions of the act. This statute has several times been called to the attention of the court. In *Shriver v. McCloud*, 20 Neb., 474, the same objection seems to have been urged as presented in this case, but that was an action between the persons alleged to be partners, and the court disposes of the question by saying that the parties were *in pari delicto*, and, whatever might be the true construction of the act, its provisions could not be invoked by one partner against the other, both being equally responsible for the failure to make and file such certificate. A doubt, however, is expressed as to whether the statute applies in any case where the partnership name is that of one or all of the partners. In *Milligan v. Butcher*, 23

Neb., 683, somewhat curiously the objection seems to have
been directly the opposite of that here urged; that is, the
record of the certificate was objected to as incompetent, and
the court merely held that such record was admissible.
These decisions do not assist greatly in disposing of the
question before us. It is, perhaps, worthy of consideration,
that in a number of cases arising since the passage of the
statute in question the existence of a partnership has been
proved by the usual parol evidence, and the court has de-
cided a number of questions in regard to the admissibility
of evidence for that purpose, without, so far as we are
aware, once alluding to this statute as affecting the common
law rules in regard to such proof. An inspection of the
statute discloses that there is no prohibition against form-
ing a partnership or transacting a partnership business ex-
cept in compliance with the act, but merely a penalty for
failing or refusing to file the certificate within a certain
period after the formation of the partnership or commence-
ment of business. The object of the act was to make a
matter of public record the names of persons composing
unincorporated associations, and it was chiefly no doubt to
enable persons doing business with such associations to as-
certain the responsible individuals. In enforcing this ob-
ject, undoubtedly, cases might arise presenting estoppels
against partners by reason of statements in the certificates
or by reason of the failure to file certificates ; but the act
was not intended to restrict the power of individuals to
form partnerships or to provide an exclusive method for
their formation. The statute makes the certificate only
*prima facie* evidence upon the subject, and we do not think
that it has the effect of making it the sole or exclusive evi-
dence. This assignment of error must, therefore, be over-
ruled.

Another assignment of error is the admission in evidence
of the assignment of the lease from Farthing to the plaint-
iffs, upon the ground that it was not witnessed. A refer-

ence to the answer shows that the defendant avers that the plaintiffs occupied all the land "included in the purchase so made by plaintiffs or their assignor herein." This averment admits the fact of the assignment, and the subsequent general denial cannot be taken as countervailing against such admission.

The principal contention arises out of the admission of evidence to identify the land demised. The description in the lease is as follows: "Four acres out of lot four in S. E. ¼ of the N. W. ¼ of sec. 5, T. 12, R. 11, in Cass county, Neb., lying on the north side of the railroad track." Parol evidence was admitted over defendant's objections, which disclosed that the lessor owned more than four acres lying north of a certain railroad track and which tended to show on the part of the plaintiffs that the lessor and original lessee had gone upon the land, plowed a furrow along a portion at least of what was intended to be one of the lines of the tract demised, "stepped off" the rest of the tract and agreed as to the boundaries of the tract. The question is, was such evidence admissible? The plaintiff in error contends that the description in the lease is uncertain upon its face and cannot be helped out by parol evidence. Parol evidence doubtless would have been admissible to show that the lessor owned only four acres in lot four, or to show that only four acres in lot four lay north of the railroad track. (*Adams v. Thompson*, 28 Neb., 53; *Ballou v. Sherwood*, 32 Neb., 666.) So, too, had the evidence shown that the lessor owned two distinct tracts in lot four north of the track, each of four acres, so that the description would apply to each, parol evidence would have been admissible to show the intention of the parties. "If a man levies a fine of the Manor of Soure or of the Manor of Dirtleby, and in truth there is the Manor of North Soure and South Soure or Great Dirtleby and Little Dirtleby, in this case issue may be taken *dehors* which manor the conusor intended to pass." (*Altham's Case*, 8 Coke's Rep. [Eng.],

155.) These principles seem to indicate that the description is not upon its face void, for uncertainty. If certain parol evidence would directly ascertain the description, there can be little doubt that when parol evidence, as in this case, first discloses the facts which render the description uncertain, such uncertainty arising by parol may be removed in like manner. As between the parties to a conveyance, the conveyance should not be permitted to fail for uncertainty in description, except as a matter of necessity; and we think it is established by the numerous adjudications bearing upon the subject that whatever description may be agreed upon by the parties as designating a definite tract agreed upon between them, is sufficient to bind the parties. Thus, such descriptions as "my farm," "barren island," and other general terms, understood by the parties to refer to a particular definite tract of land, have been held sufficient. In older states not favored by government surveys and recorded plats, as a matter of necessity such descriptions are resorted to, referring to monuments, recognized by the parties, but freauently not capable of being identified by others without resort to the acts or expressed intentions of the parties. Had there been any reference, however vague, in the lease to the demarcation resorted to by the parties, there could be no doubt that the proof of such demarcation might be shown by parol. From the terms of this lease it does appear that they had in mind a particular tract of four acres, and we see no reason why extrinsic evidence to identify the tract was inadmissible. It must be remembered, however, that we are discussing this question only as it affects the immediate parties to the instrument, or persons representing such parties. Did the case involve a question of the effect of recording the lease, as notice to third persons, or questions similar to that, entirely different considerations would control the decision, and a different conclusion might be reached.

The plaintiff in error also seeks to avoid responsibility

upon the ground that the defendants in error, the plaintiffs below, knew when they took the assignment from Farthing that a portion of the land was in the possession of the gravel company. This is no defense to an action for breach of covenant. If the lease was valid, Farthing had a right of action against the lessor for his breach of contract. By the assignment his rights were transferred to the plaintiffs. They claim no other rights.

A question is raised as to the admission of certain evidence to prove damages. It will be remembered that the lease expressly granted the privilege of removing sand from the land. The petition alleges that plaintiffs carried on the business of shipping sand to adjoining cities and selling the same, and prepared the ground for such business, and that by defendant's acts the profits of such business were greatly diminished, all to defendant's knowledge. The evidence objected to related to the cost of mining sand, the value of sand on the track, the profits per car, and the number of car loads per acre. Upon this subject the court instructed the jury that the measure of damages would be the value of occupying the land and taking away the sand for the period of five years. No exception was taken to this instruction, and under the familiar rule in *Hadley v. Baxendale,* 9 Exch. [Eng.], 341, the instruction was correct. The lease being made for the purpose of removing sand, the damages arising by reason of plaintiffs not being permitted to remove the sand must have been in the contemplation of the parties, and the evidence objected to was all material for the purpose of enabling the jury to determine the value of the occupancy of the land for that purpose. (Sedgwick, Damages, secs. 987, 1022.)

There is in the record the usual assignment that the verdict is not sustained by the evidence. We are not able to understand all the evidence very perfectly. At the commencement of the trial a plat was introduced that the witnesses constantly referred to, sometimes by words indicating

points upon the plat which can be identified, but more frequently by the words "here" and "there," accompanying these words apparently by indicating in the presence of the jury the points referred to. The jury and the trial judge observed these witnesses, and by the aid of such indications undoubtedly were enabled to understand points in the evidence which are wholly unintelligible upon the written record. In this condition of the record we cannot say that there was not evidence to support the verdict, the identity of the land leased and the relative possessions of the plaintiffs and the gravel company being the points upon which it is urged that the evidence was insufficient.

AFFIRMED.