FRANK HOUFEK V. R. B. HELD & COMPANY.

FILED DECEMBER 6, 1905.   No. 14,001.

Partnership, Evidence of.   Record of a certificate provided for in section 27, chapter 65, Compiled Statutes 1903, is not the only evidence by which the existence of a partnership may be established.   Notwithstanding that statute, a partnership may be proved by any method permissible before the statute was enacted.   *Schneider v. Patterson*, 38 Neb. 680, followed and approved.

ERROR to the district court for Colfax county: JAMES G. REEDER, JUDGE.   *Affirmed.*

*George H. Thomas,* for plaintiff in error.

*C. J. Phelps, contra.*

OLDHAM, C.

This is an action by a copartnership to recover commissions as real estate brokers.   A copy of the written contract on which the action is founded, signed by each of the parties, describing the premises to be sold, the terms of the sale, and the amount of the commission, is attached to the petition; and it is alleged that the plaintiff procured a purchaser for the premises, who tendered the amount of money provided for in the contract, in full compliance with its conditions, and the defendant refused to convey the premises.   The answer admitted the execution of the contract, denied the legal capacity of the plaintiff to sue, and pleaded a subsequent revocation of the contract.   A reply was filed in the nature of a denial of the new matter in the answer, coupled with a plea of

estoppel. On issues thus joined, there was a trial to a jury, and at the close of all the testimony the court directed a verdict for the plaintiff for the amount of the commission provided for in the contract. Judgment was entered on the verdict, and to reverse this judgment defendant brings error to this court.

The contract relied upon as a basis of this action is in strict compliance with the provisions of the statute, and the evidence is clear and convincing that within the time specified in the contract plaintiff procured a purchaser for the premises and offered a full compliance with all the terms of the contract, and that defendant refused to convey the premises. There is no competent testimony of a revocation of the contract before the offer of sale, and the only point relied upon for a reversal of the judgment is the failure of the plaintiff partnership to comply with the provisions of section 27, chapter 65, Compiled Statutes 1903 (Ann. St. 9300), which provides for the recording of the names of all the members of associations doing business under a firm, partnership, or corporate name. It is conceded that the plaintiff had never filed a certificate with the county clerk of the county in which the business was transacted in the manner provided for in this enactment. It is settled, however, by a judgment of this court in the case of *Schneider v. Patterson*, 38 Neb. 680, that a failure to comply with this section of the statute does not prohibit the conduct of the partnership's business, and that parol evidence is sufficient to establish the partnership where no certificate has been filed.

We therefore conclude that the judgment of the district court was right, and we recommend that it be affirmed.

AMES and LETTON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.