Underwood v. Underwood et al.

———◇———

THOMAS UNDERWOOD, Defendant in Error, v. JAMES UNDERWOOD et al., Plaintiffs in Error.

1. *Contracts — Specific performance — Action on parol contract of sale by coparcener — Proof, what essential.*— In action for specific performance of a parol agreement for the sale of real estate, where plaintiff claimed to have gone into possession under the agreement, but was theretofore already in constructive possession, it should appear that after the agreement, acts were done with the privity of the owner of the fee which were inconsistent with the previous holding, and such as to clearly indicate a change in the relations of the parties. And so in an action of this sort by one formerly a coparcener in the land, evidence showing that after the agreement the other coparcener had abandoned his claim; that plaintiff held adversely to him and made valuable and lasting improvements, not expected from his relation to his coparcener, would be important in making out his case.

In such suits the contract should be established by competent proof, and be clear, definite and unequivocal in all its terms. And the declaration even of living parties in regard to it should be cautiously received, much more so those of parties deceased. To be entitled to weight, the latter should receive other support.

*Error to Mississippi Circuit Court.*

*Houck, Waide & Watkins,* for plaintiffs in error.

I. To avail him, plaintiff's change of possession must be unequivocal. The occupancy of a tenant after parol contract of sale amounts to nothing. (Price v. Hart, 29 Mo. 173; Spaulding

v. Conzelman, 30 Mo. 182 ; Browne on Frauds, 477.) The case must be such as would make plaintiff a trespasser unless specific performance were decreed. (Sto. Eq., § 896.) Here plaintiff was a coparcener and could not be a trespasser.

II. Plaintiff's improvements were unimportant and naturally reconcilable with a continuance of the old relation. (Spaulding v. Conzelmen, *supra*; Brennan v. Bálin, 2 Dru. & War. 349.)

III. The terms of the contract must be established by competent proof, otherwise specific performance will not be decreed. (Sto. Eq., §§ 764–7.)

*N. Myers*, for defendant in error.

I. Proof of plaintiff's possession after the alleged contract, is supported by that of the statement of Joseph Underwood, that he had put plaintiff in possession and that he would make him a deed as soon as he had time.

II. To authorize specific performance, the case need not be such that the claimant would be a trespasser unless performance were decreed. If so, a coparcener never could procure the decree.

III. The improvements were of sufficient importance.

BLISS, Judge, delivered the opinion of the court.

The plaintiff, Thomas Underwood, Joseph H. Underwood, deceased, and one Albert Underwood, were brothers, and children of Thomas Underwood, deceased, who died seized of the land in controversy. The petition charges that during the life of said Joseph H. the plaintiff purchased by parol and paid for his interest in the property; that he took possession under the purchase and made valuable improvements; that his brother promised to make a conveyance of his interest, but died without having done so ; and a specific performance is asked for. The case went to trial and the plaintiff obtained judgment.

Counsel for defendants claim, first, that, inasmuch as the plaintiff was a coparcener, he was always constructively in possession, and no such possession could be given him as would constitute an act of part performance.

The continued possession of one who had been in actual occupa-
tion before the alleged contract, or the taking actual possession
by one who had been constructively in possession as tenant in
common with the right of corporal entry, is not so easily shown
to be an act of part performance as though it were delivered to
and taken by a stranger. In actions for specific performance it
is held that the possession, or possession in connection with the
payment, creates the equity, and in order to sustain a bill it
should be referable exclusively to the agreement. (Browne on
Frauds, §§ 457, 476; 1 Johns. 149.) It is obviously more
difficult to show such reference when the possession might be
otherwise rightful than if the party would be a trespasser, but for
the contract. It does not of itself indicate any contract whatever;
does not, as would be the case with a stranger, point to one with
which it might harmonize. In the case of a stranger the entry
itself is evidence of some agreement, or he would be a tres-
passer. What that agreement is must be otherwise shown, for it
may be a mere license; but it is otherwise with one in rightful
occupancy without an agreement. Yet one in possession, whether
actual or constructive, should not hence be deprived of the benefit
of a parol agreement, if the continued possession can be shown
to be held under it. But the agreement itself will not suffice to
show the *quo animo*, if it is not continued, any more than the
possession will show an agreement. In petitions of this kind
there must be positive indications of a change of relations. Thus,
in cases where a tenant continues in possession under an alleged
agreement for a new tenancy, the purpose is answered by proof
of any *act* on his own part, done with the privity of the owner of
the fee, which is inconsistent with the previous holding, and is
such as clearly indicates a change in the relation of the parties—
as when he makes improvements upon the premises, this fact is
of great weight to show a change in the holding. (Browne on
Frauds, §§ 478, 480.)

And in the case at bar, if it should appear by evidence inde-
pendent of that proving the contract, or in addition to such proof,
that the deceased abandoned his claim to the land as a coparce-
ner, and that the plaintiff took and held possession under the

contract and adversely to him, and if the plaintiff, having so entered upon the premises, has made valuable and lasting improvements, not expected from his relation as coparcener, it would have great weight in showing the character of his holding and in strengthening his equity. But "it is not only indispensable that the acts done should be clear and definite and referable exclusively to the contract, but the contract should also be established by competent proof, and be clear, definite and uniquivocal in all its terms." (Sto. Eq., § 764.)

In this regard the present record signally fails, for the extent of the purchase does not appear. The petition calls for land in three different sections, and eighty acres in one section must be half a mile at its nearest point from any of the rest of the land. The witnesses do not describe the property, but only speak of it as the home farm, and there is no evidence that all this land was included in the home farm. There is nothing otherwise to show, or that tends to show, what was embraced in the contract. Hence the evidence fails in the definiteness that would pertain to a written instrument. The evil to be guarded against, and which prompted the statute, is not only the temptation to fraud and perjury; but the liability to mistake in trusting to the memory as to the extent and details of the contract; and if it is enforced at all, there should be no doubt as to its terms, and especially as to the property embraced in it.

But not only is there this lack of precision as to the property, but the evidence of the contract itself is inconclusive. It consists wholly of the declarations of the deceased. Several witnesses testify that they heard him say that he had sold the place to his brother and received his pay; some speak of an exchange and paying for the difference, but what was exchanged does not appear. No one saw them together making the negotiation; there is no other evidence that any money passed between them, or that either had the amount about the time of the transaction under circumstances pointing to it; nor do I find anything to sustain the alleged declarations except the possession of the plaintiff; and that, as we have seen, can be otherwise accounted for. On the other hand, declarations of the plaintiff are given incon-

sistent with his claim, and no reasons are shown why the deceased delayed so long the fulfillment of the contract.

While evidence of declarations of parties is admissible, it should always be cautiously received, even while they are living, and in respect to agreements not required to be in writing. It has less weight when the parties are dead and can neither contradict nor explain them, and especially concerning a class of contracts that require unequivocal proof. Thus, when a resulting trust is claimed, as arising from the purchase of land by a deceased person with funds of the claimant, evidence of the declarations of the deceased is deemed inconclusive in its character unless supported by circumstances. (Johnson v. Quarles, 46 Mo. 423.) So, in establishing a contract like the one under consideration, it is doubtful, when established, whether equity should enforce it; but that question will not be considered until the existence of the contract is satisfactorily shown. Less conclusive evidence will suffice when possession is given under the agreement, for the possession itself tends to show some kind of an agreement; but when the possession may be otherwise accounted for, the declarations of deceased persons should receive some other support. There is room for doubt whether the evidence is fully spread out in the record. There is ambiguity in the report of the testimony of the principal witness, and there are other indications that the facts are not fully developed.

In reversing the judgment the case will be remanded for a new trial. The other judges concur.