Busgess, J.
This is an action for the specific enforcement of a verbal contract for the sale of one acre of ground near Bates City, Lafayette county, Missouri, purchased, by the plaintiff from the defendant, Stephen L. Cheatham, in March, 1883, the contract price being $160 for the lot, which was at the time enclosed by a fence composed of plank and wire.
Immediately after his purchase, plaintiff entered into the possession of the lot, and has so remained ever since, pasturing it, cutting grass thereon, and, for the last two years before the commencement of this suit in August, 1891, ploughing and cultivating it. He also kept the fencing in repair, and erected a pair of bars leading into the lot. Hill claims to have paid for the lot in cash within a month or two after he purchased it; that defendant had never made him a deed to it, but in March, 1888, he sold and conveyed the land to his brother, and codefendant, James W. Cheatham, for the sum of $125, and that he subsequently sold and conveyed the same to the defendant Kesterson, both of whom purchased with full knowledge of his possession, and of his purchase from Stephen L. Cheatham.
Defendants denied that the purchase money or any part thereof had ever been paid, and contend, for that reason, Stephen L. Cheatham never made plaintiff a *76 deed, and always refused to do so. Defendant Stephen L. Cheatham, in his answer, admitted the verbal contract for the sale of the lot to plaintiff.
The trial resulted in a judgment in favor of defendants, dismissing plaintiff’s bill and for costs, and plaintiff appealed.
The contract being admitted in the answer of Stephen L. Cheatham, in the absence of a plea of the statute of frauds the vital question in the ease is one of fact, that is, whether the purchase price agreed upon for the lot had in fact been paid. The petition contains no averment of a willingness or offer by plaintiff to pay the purchase money, but he rests his case upon the possession taken by him of the lot under the contract, and, as he claims, the payment of the purchase money.
The universal rule is, that he who invokes the aid of a court of equity to' compel the performance of a contract, must show a compliance with its terms and conditions on' his part, otherwise he will not be entitled to, or afforded, any relief. The law being as thus announced, unless the weight of the evidence adduced showed that plaintiff had at some time before the commencement of this suit paid the purchase price agreed upon for the lot in question, he was not entitled to recover in this action, and the judgment should be affirmed.
Plaintiff insists, however, that the payment of the purchase money was established by a great preponderance of the evidence, notwithstanding the finding and judgment of the court to the contrary. Hill and Stephen L. Cheatham were the only persons who testified directly upon the question — Hill that the purchase money was paid within a few months after the sale, while Cheatham testified, with equally as much positiveness, that no part of it had ever been paid, although he had on numerous occasions dunned Hill for the *77 money, and had at his request prepared a deed conveying the lot to Mrs. Hill, which was duly signed and acknowledged by his wife and himself, which he offered to deliver to Hill upon the payment of the money.
The evidence shows that Hill for several years after he purchased the lot was solvent and able to pay therefor, and that Cheatham had said to one witness, James Kelley, “that Hill had paid him for that acre of land,” and to another witness, Lon Kelley, on a different occasion, “that he had sold it to Mr. Hill and spent the money.” These statements were denied by Cheatham. There were other circumstances of less importance which tended to corroborate Hill, including the straitened circumstances of Cheatham.
Cheatham proved by one David R. Mitchell that in 1885 he heard Cheatham tell Hill that he wanted the money for the lot that he had sold him; that he did not know whether Hill made him any answer or not ; did not think he did; but that he knew that he did not pay him any money at that time. By another witness, John Morris, he proved that in 1885, he heard Hill say he was to give $160 for the lot, and by J. T. Ferguson, that he was a notary public on the fifteenth day of April, 1885, and that on that day he wrote a deed for Cheatham to Hill for the lot in question which he and his wife signed and acknowledged before him.
It will thus be seen that the evidence was conflicting as to the payment of the purchase money, and somewhat difficult from our standpoint to determine upon which side the weight was, hence we must defer in some measure to the finding of the trial court, who was afforded opportunities in meeting the witnesses face to face, and in observing their demeanor while testifying, that we are not. The burden of proof .rested upon plaintiff to show that he had complied with the contract upon his part in every substantial particular, *78 and this, with respect to the payment of the purchase price, the court found that he had failed to do, and we do not feel that we would be justified, under the facts and circumstances disclosed by the record, in interfering with that finding.
Moreover, the finding is to some extent justified by plaintiff’s long delay in instituting suit for a specific performance of the contract, if it is true that he fully complied with its terms on his part in the spring of 1883 by the payment of the purchase, money, when he became entitled to a deed. Such a delay, unexplained, does not seem to comport with the theory that he was not in default.
There was no error in admitting or excluding evidence which would justify a reversal of the judgment, and it is therefore affirmed.
All of this division concur.