HIRAM MELVILLE, W. B. TOOMBS, WILL VAUGHAN, E. D. JACKSON, J. F. BENTLEY, R. E. KIERNAN, Jr., AUBREY R. HAMMETT and A. M. MILLS, and THE WARING MANUFACTURING COMPANY, a Corporation, Appellants, v. ED. C. WARING, Respondent.

Kansas City Court of Appeals, November 6, 1911.

1. EQUITY: Specific Performance: Sufficiency of Evidence. Defendant invented a washing machine. He, with some of the individual plaintiffs, formed the plaintiff corporation to manufacture the machine. Shortly afterwards defendant's letters patent were issued. Three or four months thereafter plaintiffs demanded that defendant carry out an alleged verbal contract to convey the letters patent to the corporation. Defendant refused to comply with this demand, and this action for specific performance followed. The evidence did not so clearly establish plaintiff's contention as to compel a court of equity to grant the relief prayed.

2. ———: ———: ———. Where plaintiffs contended that defendant agreed to convey his letters patent to the corporation, and defendant contended that he was only to give the corporation the right to manufacture and sell the machines without paying a royalty, plaintiff's evidence that defendant agreed "to put in his patent" is just as consistent with defendant's contention as with plaintiff's. Plaintiff's delay in making their demand of a conveyance is evidence that plaintiff's present claim is a mere afterthought.

- 3. ————: ————: ————. It requires much less strength of case on the part of a defendant to resist a bill to perform a contract than it does on the part of a plaintiff to compel specific performance.

4. ————: ————: ————. A court of equity will not decree specific performance of a contract if not clearly established, and where the alleged contract is not in writing, the plaintiff must establish the very contract pleaded in the petition by evidence so clear and cogent as to leave no room for reasonable doubt in the mind of the chancellor hearing the cause.

5. ————: ————: Discretion of Court. A plaintiff has no absolute right to the enforcement of specific performance of a contract; the determination of the existence of the right lies in the sound discretion of the court.

6. TRIAL PRACTICE: Weight of Evidence. In determining the weight of evidence quality is more important than quantity.

7. APPELLATE PRACTICE: Reviewing Evidence. In an equity case the appellate court is not bound by the findings of fact of the trial court.

Appeal from Randolph Circuit Court.—*Hon. A. H. Waller*, Judge.

AFFIRMED.

*Willard P. Cave* for appellants.

(1) Appellate courts in equity cases review the evidence upon which the findings of the trial court are based. Meredith v. Meredith, 79 Mo. App. 636; Lilly v. Menke, 92 Mo. App. 354; Turner v. Overall, 172 Mo. 271; Lins v. Lenhardt, 127 Mo. 280. (2) And while an appellate court in this character of a case, will defer somewhat to the findings of the trial court, as to the facts, and will ordinarily, when the facts are in doubt, solve that doubt, by adopting the findings of the trial judge; yet it is not bound to do so, and may, and often will, reach a conclusion by its own analysis of the evidence. Meredith v. Meredith, 79 Mo. App. 640; Roselle v. Beckemeir, 134 Mo. 380; Clarkson v. Hatton, 143 Mo. 48; Lins v. Lenhardt, 127 Mo. 271.

*M. J. Lilly* for respondent.

JOHNSON, J.—Action in equity for specific performance of an alleged contract. Defendant prevailed in the circuit court and the cause is before us on the appeal of plaintiffs.

Defendant invented a washing machine, applied to the patent office for letters patent and, in the course of time, a patent was issued to him. During the pendency of his application and after he had been assured that letters would be issued, he and plaintiffs Jackson, Bentley, Kiernan, Hammett and Mills organized the plaintiff corporation to manufacture the machine. The capital stock of the corporation was two thousand dollars, divided into two hundred shares of the par value of ten dollars each. The individual plaintiffs subscribed in the aggregate for thirty shares for which they paid three hundred dollars into the treasury of the corporation and defendant subscribed for one hundred and seventy shares. He paid no money for this stock but he and his associates agreed that the right granted by him to the corporation to manufacture and sell machines was an adequate consideration for the stock issued to him. Of the stock so issued to defendant he retained one hundred and one shares as his own property and turned the remaining sixty-nine shares into the treasury of the corporation for resale to derive funds for the uses of the corporation.

The letters patent were issued to defendant a short time after the company was incorporated and began business. Three or four months later, plaintiffs, for the first time, demanded of defendant the conveyance of the letters patent to the corporation and the demand was refused on the ground that defendant had not agreed to assign the patent but only to give the corporation the right to manufacture and sell the machines without the payment of royalty or any other consideration than the stock issued to defendant.

The petition alleges that "defendant agreed and promised that when said company was properly organized and incorporated he would convey by deed the aforesaid patent to such corporation so formed and chartered."

The contract in question was not reduced to writing and its terms must be ascertained from the testimony of plaintiffs on the one hand and of defendant on the other. Of course plaintiffs are right in saying as they do in their brief, that this being an equity case, we are not bound by the findings of the trial judge on issues of fact, but we do not agree with the view of plaintiffs that the weight of the evidence is against the judgment rendered in the circuit court. True, so far as mere numerical strength is concerned, the witnesses for plaintiffs outnumbered their single adversary five to one. But it is not so much quantity as quality that counts and while we have no reason to doubt the credibility of plaintiffs we find their evidence, subjected to analysis and to the test of rules applicable to cases of this character, does not sustain the specific allegation we have quoted from the petition. Where a plaintiff seeks specific performance of a contract in a court of equity instead of resorting to his action at law for damages, he finds himself confronted by quite stringent rules of evidence. A plaintiff has no absolute right to the enforcement of specific performance of a contract but the determination of the question of whether or not he shall maintain such action lies in the sound discretion of the court and "it requires a much less strength of case on the part of a defendant to resist a bill to perform a contract than it does on the part of plaintiff to maintain a bill to enforce a specific performance." [In re Ferguson's Est., 124 Mo. 583; Veth v. Gierth, 92 Mo. 104.] In the latter case it is said:

"A court of equity will not decree specific performance of a contract if not clearly established. [Paris

v. Haley, 61 Mo. 453; Taylor v. Williams, 45 Mo. 80.] The principles announced by sections 769 and 770, 2 Story's Equity, apply peculiarly to this case. It is there said: 'It is important to take notice of a distinction between the case of a plaintiff seeking a specific performance in equity, and the case of a defendant resisting such a performance. We have already seen that the specific execution of a contract in equity is a matter, not of absolute right in the party, but of sound discretion in the court. Hence, it requires a much less strength of case on the part of a defendant to resist a bill to perform a contract, than it does on the part of the plaintiff to maintain a bill to enforce a specific performance. When the court simply refuses to enforce specific performance it leaves the party to his remedy at law.' " And where the alleged contract is not in writing the very contract pleaded in the petition must be established by clear and cogent evidence. [Hill v. Cheatham, 129 Mo. 71; Ency. of Ev., vol. 11, p. 934; Logue v. Langan, 151 Fed. Rep. 455.]

Indeed, it is said in this state that the burden is on the plaintiff to establish the existence of the contract pleaded beyond a reasonable doubt. [Kirk v. Middlebrook, 201 Mo. 245; Rogers v. Wolf, 104 Mo. 1.] In the case last cited it is said:

"If the terms are uncertain or ambiguous or not made out by satisfactory proofs, a specific performance will not (as indeed upon principle it should not) be decreed. The reason would seem obvious enough, for a court of equity ought not to act upon conjecture, and one of the most important objects of the statute was to prevent the introduction of loose and indeterminate proof of what ought to be established by solemn written contracts.' [1 Story, Eq. Jur., sec. 764; Berry v. Hartzell, 91 Mo. 132; Sitton v. Shipp, 65 Mo. 297; Paris v. Haley, 61 Mo. 453; Underwood v. Underwood, 48 Mo. 527.] 'There must be satisfactory proof not merely of some agreement leading to acts of part

performance, in pursuance of which they are done, but sufficient to establish the particular agreement alleged. The proof of this point must be satisfactory.' [Sitton v. Shipp, supra.] And this proof of the agreement should be 'of so clear and forcible a nature as to leave no room for reasonable doubt in the mind of the chancellor hearing the cause.' [Railroad v. McCarty, 97 Mo. 214.''])

Tested by these rules the evidence of plaintiffs is far from convincing. Not one of them states that defendant agreed to convey the letters patent to the corporation and they go no further than to say that defendant agreed "to put in his patent" against their cash; that he was to pay for a controlling interest in the business by conferring on the corporation some right under the patent. Such evidence is just as consistent with the position of defendant as with that of plaintiffs. In a reasonable sense the granting of the right to manufacture and sell the patented article for no other consideration than the stock issued to defendant was putting the patent into the business. We are satisfied that plaintiffs, discovering that they would have fared better had they stipulated for the conveyance of the letters to the corporation, seized on some loose and rather ambiguous expressions of defendant made during the organization of the company and are insisting that they be given the meaning most favorable to them but one not understood by the parties when the contract was entered into. The fact that plaintiffs waited so long after defendant received his letters before claiming them as the property of the company serves to strengthen the belief that plaintiffs' present position is a mere afterthought. The learned chancellor took a proper view of the case. The judgment is affirmed. All concur.