THE BERMAN STORES Co., INC., Appellant, *v.* ABRAHAM HIRSH et al., Respondents.

Contract — sale — Statute of Frauds — Personal Property Law — construction of article 5 thereof, known as Sales Act — when Statute of Frauds applies to goods contracted to be sold even if not in existence — when Statute of Frauds does not apply.

1. When the Legislature enacted article 5 of the Personal Property Law, known as the Sales Act, it destroyed the old rule previously applied in this State that a contract for the delivery of goods not then in existence but to be manufactured was not a contract of sale within the provisions of the Statute of Frauds. Under the provisions of the Personal Property Law a contract to sell goods is ordinarily any contract " whereby the seller agrees to transfer the property in goods to the buyer for a consideration called the price " (§ 82) and the Statute of Frauds applies even to goods not then in existence unless it is shown both that the goods are to be manufactured by the seller especially for the buyer and that they are not suitable for sale to others in the ordinary course of the seller's business.

2. Defendants took orders to manufacture garments like models shown by them from cloth like samples shown. They accepted an order from the plaintiff for a specified number of suits to be manu-

14

factured and signed memoranda which show the number of suits ordered, their size and price. The style and materials of the suits are identified by letters, figures and lot numbers used by the defendants in their business and the memoranda contain all the terms which ordinarily enter into a contract to manufacture and sell except that they contain no statement as to the time of shipment or delivery. No goods were delivered and no payments made under the alleged contract. Though undoubtedly the goods were to be manufactured by the seller especially for the buyer, the evidence does not establish that after manufacture they would not be suitable for sale in the ordinary course of the seller's business. The evidence further established that they had a market value. Hence, the alleged contract does not come within the exception to the Statute of Frauds.

3. Where, however, the only objection to the memoranda, under the statute, is that it does not embody the entire contract in that it fails to include a definite date for delivery, but the evidence does not show conclusively that the parties did fix the time for delivery and a reading of the entire testimony of the witness leaves doubt as to whether he ever intended to testify that any express agreement fixing the time of delivery was made or that the time of delivery was part of the agreement made except in so far as the law would require delivery under the contract within what he claimed to be a reasonable time, it was for the jury who saw and heard the witness to determine whether he intended by his answers to say that the parties expressly agreed upon the time of delivery or whether he merely intended to say that the time during which, under the contract, delivery must be made, was between two specified dates.

*Berman Stores Co.* v. *Hirsh*, 208 App. Div. 622, reversed.

(Argued April 2, 1925; decided May 5, 1925.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 14, 1924, unanimously affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

*Louis B. Boudin* for appellant. The contract in question herein does not fall within the purview of the Statute of Frauds. (*Parsons* v. *Loucks,* 48 N. Y. 17; *Deal* v. *Maxwell,* 51 N. Y. 652; *Higgins* v. *Murray,* 73 N. Y. 252; *Eagle Paper Box Co.* v. *Gatti-McQuade Co.,* 99 Misc. Rep. 508; *Schneider* v. *Lesinsky,* 169 N. Y.

Supp. 769; *Mixer* v. *Howarth*, 21 Pick. 205; *Goddard* v. *Binney*, 115 Mass. 450; *Atlas Shoe Co.* v. *Rosenthal*, 242 Mass. 15.) The memorandum is sufficient to satisfy the requirements of the Statute of Frauds. (*Tallman* v. *Franklin*, 14 N. Y. 584; *Peabody* v. *Speyers*, 56 N. Y. 230; *Peck* v. *Vandemark*, 99 N. Y. 29; *Gates* v. *Dudgeon*, 173 N. Y. 426; *Marks* v. *Cowdin*, 226 N. Y. 138; *Spiegel* v. *Lowenstein*, 126 App. Div. 443; *Atlas Shoe Co.* v. *Lewis*, 220 App. Div. 244; *Wiarda & Co.* v. *Ind. Chem. Co.*, 162 N. Y. Supp. 158; *Evans* v. *Hoare*, 1 Q. B. 593; *Hucklesby* v. *Hook*, 82 L. T. [N. S.] 117; *Cohen* v. *Wolgel*, 107 Misc. Rep. 505.)

*Harold R. Medina, I. Gainsburg* and *Leander I. Shelley* for respondents. The plaintiff failed to support the burden of showing that the contract was not within the purview of the Statute of Frauds. (*Reading Silk Mills* v. *Barso*, 169 N. Y. Supp. 672; *Zimmerman* v. *Gillman*, 172 N. Y. Supp. 263; *Jacobson* v. *Schiffer*, 51 Misc. Rep. 53; *Millar* v. *Fitzgibbon*, 9 Daly, 505; *Mixer* v. *Haworth*, 21 Pick. 205; *Goddard* v. *Binney*, 115 Mass. 450; *R. S. Mills* v. *Barso*, 169 N. Y. Supp. 672; *Pearlberg* v. *Levisohn*, 182 N. Y. Supp. 615; *Galin Co.* v. *Newhouse*, 180 N. Y. Supp. 812.) The memoranda in writing offered in evidence to support the alleged oral contract are entirely silent regarding the time for delivery, and are, therefore, insufficient under the terms of the statute. (*Leach* v. *Weil*, 129 App. Div. 688; *Saco-Lowell Shops* v. *Clinton Mills Co.*, 277 Fed. Rep. 349; *Soper* v. *J. G. Stream Ins. Co.*, 253 S. W. Rep. 796; *Arky* v. *Brockman Commission Co.*, 185 Mo. App. 241; *Wagner-White Co.* v. *Holland Co-op. Assn.*, 192 N. W. Rep. 552; *Stapleton* v. *Muscogee Guano Co.*, 114 S. E. Rep. 906; *Crosby* v. *Bouchard*, 82 Vt. 66; *Brauer* v. *Oceanic Steam Nav. Co.*, 178 N. Y. 339; *Ward* v. *Hasbrouck*, 169 N. Y. 407; *Mentz* v. *Newwitter*, 122 N. Y. 491; *Drake* v. *Seaman*, 97 N. Y. 230.)

Lehman, J.  The plaintiff has brought an action to recover damages for the failure of the defendants to manufacture and deliver twenty-two hundred and fifty men's suits of various sizes and models, in accordance with a contract which the plaintiff claims was made between the parties. The defendants pleaded as a defense the Statute of Frauds. At the close of the plaintiff's case the complaint was dismissed on the ground that the plaintiff had failed to show that a memorandum in writing of the contract was signed by the defendants as required by the Statute of Frauds (section 85 of the Personal Property Law [Cons. Laws, ch. 41]).

According to the testimony produced by the plaintiff the defendants are engaged in the business of manufacturing men's suits and overcoats. They have in their place of business models of garments which they manufacture, samples of cloth used and a quantity of "piece goods." They take orders to manufacture garments like the models, from cloth like the samples shown. They accepted an order from the plaintiff for 2,250 suits to be manufactured by them and they signed memoranda which show the number of suits ordered, their size and price. The style and materials of the suits are identified by letters, figures and lot numbers used by the defendants in their business and the memoranda contain all the terms which ordinarily enter into a contract to manufacture and sell except that they contain no statement as to the time of shipment or delivery. Concededly no goods were delivered and no payments made under the alleged contract. The defendants contend and the courts below have held that the contract is unenforcible because the memoranda signed by the defendants do not embody the entire contract which it is said included a definite date for shipment or delivery.

According to the terms of section 85 of the Personal Property Law its provisions do not apply "if the goods are to be manufactured by the seller especially for the

buyer and are not suitable for sale to others in the ordinary course of the seller's business." When the Legislature enacted article 5 of the Personal Property Law, popularly known as the Sales Act, it destroyed the old rule previously applied in this State that a contract for the delivery of goods not then in existence, but to be manufactured, was not a contract of sale within the provisions of the Statute of Frauds. (*Parsons* v. *Loucks*, 48 N. Y. 17.) Under the provisions of the Personal Property Law a contract to sell goods is ordinarily any contract " whereby the seller agrees to transfer the property in goods to the buyer for a consideration called the price " (Section 82) and the Statute of Frauds applies even to goods not then in existence, unless it is shown both that the goods are to be manufactured by the seller especially for the buyer; and that they are not suitable for sale to others in the ordinary course of the seller's business. In the present case, though undoubtedly the goods were to be manufactured by the seller especially for the buyer, the evidence does not establish that after manufacture they would not be suitable for sale in the ordinary course of the seller's business. The seller's business is to manufacture and sell goods of similar character. The evidence that the defendants had in their place of business, models for the suits ordered, samples and even pieces of the materials from which they were to be made and that they were described by defendants' lot numbers, letters and figures lead to the inference that in the ordinary course of the defendants' business such goods were ordered to be manufactured and bought by the defendants' customers. The evidence further establishes that they had a market value. Under these circumstances there is no ground for any inference that the defendants' customers, who in the regular course of defendants' business bought such goods when manufactured upon their order, would not likewise buy them if already manufactured at the time the order was given. The somewhat unsatisfactory

evidence that the defendants agreed to place upon the goods plaintiff's labels and lot numbers is insufficient to show that the goods could not be sold to others. For these reasons the plaintiff has failed to show that the alleged contract comes within the exception to the Statute of Frauds. The question remains whether the statute has been complied with.

We have pointed out that the memoranda signed by the defendants contain no provision for the time of shipment or delivery except perhaps that they were to be delivered " when ready." It does not fix any time when the goods were to be ready. The complaint alleges that the parties agreed to deliver the goods within a reasonable time thereafter and in time for it to use in the fall trade of the year 1919. If the parol agreement fixed no time for delivery the memorandum evidencing the contract is sufficient under the statute since it contains all the terms which have been agreed on. In such case the law supplies the missing term and requires delivery within a reasonable time. If, on the other hand, the time was fixed by the parties the memorandum is insufficient. " It is not sufficient that the note or memorandum may express the terms of a contract. It is essential that it should completely evidence the contract which the parties made." (*Poel* v. *Brunswick-Balke-Collender Co.,* 216 N. Y. 310.)

At the trial the plaintiff's secretary testified that he purchased the goods and at that time told the defendants' representative he would have to make them up according to these specifications and deliver them in the usual course for fall. Though asked as to what was said and done he failed to testify that anything further was said as to time of delivery. If there was no further conversation then the defendants would be bound to deliver the goods within a reasonable time and one of the elements of what would constitute a reasonable time would be the fact that they were fall goods. The plaintiff further presented evidence

intended to show that a reasonable time for delivery would be somewhere between August first and September fifteenth. On cross-examination he was not asked whether anything further was *said* between the parties but in answer to questions as to whether the parties " agreed " that the goods should be delivered between August first and September fifteenth, he repeatedly answered in the affirmative. These questions and answers show clearly that he claimed that he was entitled under his contract to delivery between August first and September fifteenth and that he considered that the obligation to deliver within such time constituted a very important part of the contract and because this important part of the contract was omitted from the memorandum the contract has been held unenforcible.

Even if the evidence which the plaintiff produced is sufficient to show that a reasonable time for delivery would be between August first and September fifteenth, it cannot be said that an express agreement that delivery would be made within that time would add nothing to the contract beyond what the law would have supplied if the parties had remained silent. If parties choose to fix a time for delivery instead of leaving the determination of what would constitute a reasonable time to uncertain inference that might be drawn from circumstances which might themselves be disputed, unknown to the parties, or which might even arise thereafter, then the time so fixed becomes an essential part of the contract and must be embodied in the memorandum required under the Statute of Frauds.

The difficulty in the present case is that the evidence does not show conclusively that the parties did fix the time for delivery. If it was fixed by the parties it must have been fixed in the conversations preceding the signing of the memoranda. The silence upon this point of memoranda otherwise complete, is itself not without significance. The testimony of the plaintiff's secretary

as to the conversations shows no discussion of such a term. What the parties agreed to is merely a conclusion of law to be drawn from what was said and done by the parties. In answer to questions, for the most part improper in form, the plaintiff's witness, a business man, has drawn the legal conclusion that the agreement included a term that the goods should be delivered between August first and September fifteenth. He had previously testified to a conversation which, if complete, fails to sustain this conclusion. He had further testified to trade customs and circumstances which, even without agreement, would result in an obligation upon the part of the defendants to deliver the goods approximately at that time. A reading of his entire testimony leaves us at least in doubt whether the witness ever intended to testify that any express agreement fixing the time of delivery was made or that the time of delivery was part of the agreement made except in so far as the law would require delivery under the contract within what he claimed to be a reasonable time. It was for the jury who saw and heard the witness to determine whether the witness intended by his answers to say that the parties expressly agreed upon the time of delivery or whether he merely intended to say that the time during which, under the contract, delivery must be made, was between August first and September fifteenth.

The judgments should be reversed and a new trial ordered, with costs to abide the event.

HISCOCK, Ch. J., CARDOZO, POUND and MCLAUGHLIN, JJ., concur; CRANE and ANDREWS, JJ., dissent.

Judgments reversed, etc.