142   Mesibov, Glinert & Levy, Inc., v. Cohen Bros. Mfg. Co.

First Department, November, 1926.              [Vol. 218

Mesibov, Glinert & Levy, Inc., Respondent, v. Cohen Brothers Manufacturing Co., Inc., Appellant.

First Department, November 5, 1926.

Sales — action by buyer for breach of contract for alleged sale of cloth — Statute of Frauds — defense that memorandum was for purpose of enabling defendant to ascertain if goods could be obtained from mill — question of fact for jury — memorandum specified number of pounds of cloth and price per pound — description insufficient since cloth was of different widths — parol evidence not admissible to show width of cloth — description in contract insufficient to satisfy Statute of Frauds — error to direct verdict in favor of plaintiff.

In an action by a buyer to recover damages for breach of an alleged contract for the sale of cloth, in which the defense of the Statute of Frauds was pleaded, it was error for the court to direct a verdict in favor of the plaintiff, since it appears that a question of fact was raised as to whether or not an alleged memorandum was intended to meet the Statute of Frauds or was intended merely as a memorandum for the benefit of the defendant to enable it to determine whether or not the goods could be obtained from the mill.

The memorandum, which specified the number of pounds of cloth and the price per pound, was insufficient to satisfy the Statute of Frauds, since it appears that the kind of cloth specified was made in different widths, and, therefore, it was not sufficient to describe it as a given number of pounds. The price per pound cannot be taken as a criterion, because the weight of the material varies with the width, and, further, because the market price also varies from day to day.

It was error to admit parol evidence to show the kind of cloth intended to be sold, which evidence was to the effect that the cloth contracted for was to be the same as that previously bought by the plaintiff, for there was nothing in the contract to indicate that the cloth alleged to have been purchased was to be the same as that previously purchased by the plaintiff.

Appeal by the defendant, Cohen Brothers Manufacturing Co., Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 21st day of March, 1925, upon the verdict of a jury (as stated in the judgment), and also from an order entered in said clerk's office on the 2d day of April, 1925, denying defendant's motion for a new trial made upon the minutes.

*Samuel Seabury* of counsel [*Nathan Friedman* with him on the brief], for the appellant.

*Harold R. Medina* of counsel [*William Gilbert* with him on the brief; *I. Gainsburg*, attorney], for the respondent.

Finch, J. The action was brought upon an alleged written contract. At the close of the case the court directed a verdict for the plaintiff on all issues, except the amount of the damage, stating:

" The background for that ruling is that I have found all the facts to be in favor of the plaintiff, and that the only question in dispute is the question of damages."

Pursuant to the alleged contract, the defendant agreed to sell to the plaintiff certain goods. The defendant denied that there was any contract and, as a defense, pleaded the Statute of Frauds. (See Pers. Prop. Law, § 85, as added by Laws of 1911, chap. 571.) The plaintiff testified that a contract was made which was in writing, while the defendant testified that no contract was made but that the writing was understood by the parties to be merely a memorandum for use by the defendant in connection with ascertaining whether the goods could be obtained from the mill. There was thus at least one issue of fact which was raised and which could only be resolved by the jury, and it was error to direct a verdict. For this reason there would have to be a new trial in any event; but since the defendant has raised the defense of the Statute of Frauds, if the writing is not sufficient to satisfy the requirements of that statute, then the complaint may be dismissed and an end put to this litigation.

The writing in question was not signed by the defendant, but was upon a printed form bearing the name of a partnership which the defendant had succeeded. The defendant urges that there could be no appropriation by the defendant of the printed name at the top of the memorandum, since the defendant was a corporation and the name on the memorandum was that of a partnership. Whether the corporation could be held to have adopted the name of this partnership for the purposes of this transaction, it is unnecessary to determine, since there is a more vital objection to the memorandum under the Statute of Frauds, which requires a dismissal of the complaint. The description of the article sold was merely so many pounds of raw Trico cloth at a certain price per pound. The evidence shows that this cloth is of varying widths. There was, therefore, a lack of a sufficiently definite description to identify the particular widths to be delivered. The price of nine dollars and fifty cents a pound cannot be taken as a criterion, because the evidence shows that the weight of the material varies with the width and, further, that the market price also varies from day to day.

The respondent seeks to bring the description of the cloth within the principle of law that where the article is sufficiently described, evidence may be received to identify the article. This would be so if the description in the writing in the case at bar was of that character. For instance, if the description had been raw Trico cloth similar to that formerly bought, it would then be permissible

to show by extrinsic evidence the kind of cloth the plaintiff had previously bought. The respondent felt the necessity of adducing evidence to show the kind of cloth which was meant, and to this end sought to prove an oral agreement that the cloth to be delivered should be the same as that previously bought by the plaintiff. The admission of this testimony was error, but serves to illustrate that the cloth sold by the writing was not sufficiently identified, but needed extrinsic evidence to show what Trico cloth was actually sold. It thus appears that the writing did not contain the terms of the contract as the plaintiff claimed them to be. All the terms of the contract must be embodied in the writing. Even where the law ordinarily will read into a contract an omitted term, as, for instance, a reasonable time for delivery, nevertheless when the parties themselves have fixed a time but omitted to incorporate the same in the writing, the time so fixed cannot be shown by extrinsic evidence, and its omission renders the writing insufficient to comply with the Statute of Frauds. As was said by LEHMAN, J., in *Berman Stores Co.* v. *Hirsh* (240 N. Y. 209, 214): " We have pointed out that the memoranda signed by the defendants contain no provision for the time of shipment or delivery except perhaps that they were to be delivered ' when ready.' It does not fix any time when the goods were to be ready. The complaint alleges that the parties agreed to deliver the goods within a reasonable time thereafter and in time for it to use in the fall trade of the year 1919. If the parol agreement fixed no time for delivery the memorandum evidencing the contract is sufficient under the statute since it contains all the terms which have been agreed on. In such case the law supplies the missing term and requires delivery within a reasonable time. If, on the other hand, the time was fixed by the parties the memorandum is insufficient. ' It is not sufficient that the note or memorandum may express the terms of a contract. It is essential that it should completely evidence the contract which the parties made.' (*Poel* v. *Brunswick-Balke-Collender Co.*, 216 N. Y. 310.) "

The writing relied on in the case at bar did not embody one of the most essential terms of the contract, namely, a description of the article sold. For this reason the Statute of Frauds was not complied with.

It follows that the judgment and order should be reversed, with costs, and the complaint dismissed, with costs.

CLARKE, P. J., DOWLING, McAVOY and MARTIN, JJ., concur.

Judgment and order reversed, with costs, and complaint dismissed, with costs.