Henry J. Handelsman, Jr., Inc., Appellant, v. S. E. Schulman Company and Philip Lome, Appellees.

Gen. No. 42,488.

 Opinion filed June 21, 1943. Rehearing denied July 6, 1943.

SAMUEL A. MAREMONT, of Chicago, for appellant; MAYER GOLDBERG, of Chicago, of counsel.

KARLIN & COHEN, of Chicago, for certain appellee; JOSEPH J. KARLIN, of Chicago, of counsel.

LOUIS C. RAPPAPORT and ODE L. RANKIN, both of Chicago, for certain other appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought suit against defendants claiming they had breached a contract entered into between him and defendant Lome, whereby Lome agreed to have manufactured for plaintiff 100,000 cameras which afterward Schulman Co. agreed to manufacture. Defendants filed separate motions to dismiss, which were allowed, the suit was dismissed and plaintiff appeals.

The question for decision therefore, is, whether the complaint stated a cause of action.

January 8, 1942, plaintiff filed his complaint in chancery in one count in which it was alleged that August 14, 1941, plaintiff and defendant Lome, entered into an oral agreement whereby Lome agreed to have manufactured exclusively for plaintiff, 100,000 cameras similar in size, quality and design to the camera which plaintiff was then selling, together with a simulated leather case, at a price of 50 cents for each camera and case; that they were to be delivered at the rate of 5,000 per week beginning October 14, 1941; that the agreement was known to defendant Schulman Co., that pursuant to the agreement defendants entered into another agreement whereby Schulman Co., in consideration of

$3,000 paid to it by Lome, agreed to manufacture the 100,000 cameras exclusively for plaintiff and to sell them to plaintiff for 40 cents each, to be delivered at the rate of 5,000 per week beginning October 14, 1941. That pursuant to the agreements plaintiff entered into negotiations with the Schulman Co. regarding the manner in which the cameras were to be packed in certain size cartons and it was arranged between plaintiff and the Schulman Co. for the insertion in each carton of printed matter "advertising film and developing"; that at the request of plaintiff, Schulman Co. changed the name by which the cameras were to be known from "Rolls" to "Photo Master" all of which was known to defendant Lome.

It is further alleged that afterward, pursuant to the agreements, Schulman. Co., at the request of plaintiff, delivered to plaintiff its original advertising drawing to be used by plaintiff in advertising the cameras; that by reason of the agreements, and relying upon defendants to carry out the terms of the agreements, plaintiff, with the knowledge and acquiescence of defendants, represented itself as the exclusive distributor of the "Photo Master Camera" and entered upon a campaign of advertising the cameras and case at $1 each, and for this purpose had contracted with approximately 50 radio stations and magazines for placing such advertising for which advertising plaintiff expended in excess of $10,000 and rendered itself liable for large sums; that as a result of the advertising campaign, plaintiff received in the space of four months more than 2,500 orders for cameras and afterward continued to receive such orders at approximately 5,000 per week; that defendants had failed and refused to deliver the cameras or cases; that by reason of the unreasonable delay, plaintiff had brought suit in the municipal court of Chicago against defendant Lome to recover its losses and defendants had threatened that unless that suit was dismissed, they would

withhold delivery unless restrained by a writ of injunction. The prayer was that defendants be decreed to specifically perform the agreements and for other relief.

January 13, 1942, defendant Lome filed his motion to dismiss the complaint and January 27, following, the Schulman Co. filed a similar motion. January 29, the motions were overruled and it was ordered that plaintiff be given leave to amend his complaint so as to embody the cause of action which he then had pending in the municipal court. February 14, 1942, plaintiff amended his complaint by adding three counts at law. Each count set up the facts substantially as alleged in the original count in chancery. In addition, plaintiff alleges that in its advertising of the cameras and cases it expended more than $14,800 as a result of which plaintiff received in excess of 25,000 orders for cameras and cases and in excess of 4,000 orders for films for the cameras; that many of plaintiff's customers notified it that unless the cameras were delivered prior to Christmas 1941, the orders would be cancelled and that plaintiff was compelled to and did go upon the open market and buy 4,000 cameras being all that were available at the lowest price for which it could procure them which price was far in excess of the price at which defendants agreed to sell the cameras to plaintiff. That because of the delay other customers refused to accept delivery; that plaintiff had on hand in excess of 21,000 orders for cameras which it was unable to fill and upon which it would be compelled to refund all money it had received, as a result of which plaintiff would be deprived of profits of $15,000 from the sale and $25,000 from the sale of films. Plaintiff's damages were laid at $50,000 in each of the three counts. The chancellor sustained motions to dismiss filed by defendants to the chancery count and the cause was transferred to the law division where defendants' motion to dismiss the three counts was sustained and the suit dismissed.

One of the contentions made by defendants was that the oral contract for the purchase of the cameras and cases, for which the price to be paid was over $500, was void under § 4 of the Uniform Sales Act. Ill. Rev. Stat. 1941, ch. 121½, § 4 [Jones Ill. Stats. Ann. 121.08]. That section provides: "(1) A contract to sell or a sale of any goods . . . of the value of five hundred dollars . . : shall not be enforceable by action unless the buyer shall accept part of the goods . . . or give something in earnest to bind the contract, or in part payment; or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf.

"(2) The provisions of this section apply to every such contract or sale, notwithstanding that the goods may be intended to be delivered at some future time or may not at the time of such contract or sale be actually made, . . . ; but if the goods are to be manufactured by the seller especially for the buyer and are not suitable for sale to others in the ordinary course of the seller's business, the provisions of this section shall not apply." This section is referred to in the record and briefs as the "Statute of Frauds." We think the oral contract was enforceable and that no note or memorandum need have been signed to make it binding for the reason that the cameras and cases were to be "manufactured by the seller especially for the buyer" and were not suitable for sale to others in the ordinary course of the seller's business because they were to be marked "Photo Master Camera and Case" and from the allegations this designation indicated that they were being sold by plaintiff. Such a contract as the one involved may be enforced by either party. *Indiana Limestone Co. of N. Y. Inc. v. Cut Stone Co. Inc.*, 32 N. Y. S. (2d) 956. And the contract was for the sale of chattels and not for the work and labor. *Berman Stores Co. v. Hirsh*, 240 N. Y. 209; *Lee v. Griffin*, Vol. 1, Best & Smith's Reports 272; 1

Williston on Sales, 2d Ed. §§ 55 and 55a; Williston on Contracts, Rev. Ed. Vol. 2, §§ 508 and 509; *Pratt v. Miller*, 109 Mo. 78.

Defendants further contend that the judgment dismissing the suit is right and should be affirmed for the reason that any benefits that plaintiff might have derived from the alleged contract of Lome with the Schulman Co. would be merely incidental and therefore plaintiff would not have the right to sue as a third party beneficiary. It is argued that plaintiff would have no right to sue on the alleged contract between Lome and the Schulman Co. The rule of law, as contended for by defendants, we think, is sound but inapplicable to the facts as alleged in the complaint. Plaintiff alleged that it had entered into an oral contract with Lome whereby he agreed to have manufactured 100,000 cameras and to sell them to plaintiff, together with the cases, for 50 cents each. That pursuant to the agreement Lome and Schulman Co. entered into an agreement, in consideration of $3,000 paid by Lome to the Schulman Co. and the latter agreed to manufacture the "cameras especially for plaintiff and to sell same to plaintiff" at 40 cents each; that pursuant to the two agreements plaintiff entered into negotiations with the Schulman Co. regarding the manner in which the cameras were to be packed, etc. In these circumstances we think the Schulman Co. became a party to the agreement and was bound by it although no memorandum of the contract was written, as provided in § 4 of the Sales Act, for the reasons heretofore stated, that that section did not apply.

The judgment of the superior court of Cook county is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*

MATCHETT, P. J., concurs.

MR. JUSTICE McSURELY participated in the decision of this case but passed away before the opinion was filed.