■ M & S MERCURY AIR CONDITIONING CORP., Respondent-Appellant, v. DUNKIRK BUILDING CORP. et al., Appellants-Respondents.— In an action to recover a sum of money on a contract to supply and to install an air-conditioning system, in which the defendants interposed a counterclaim to recover damages for plaintiff's alleged failure to complete the work on or before a certain date; and in which plaintiff's motion for summary judgment against the defendants had been previously denied by an order of the Supreme Court, Kings County, dated April 20, 1961, the parties cross-appeal as follows from subsequent orders of said court granting summary judgment and from the judgment entered thereon: As limited by their brief, (1) The corporate defendant appeals (a) from so much of an order dated January 2, 1962, as granted plaintiff's application to renew its motion for summary judgment, as granted such motion for summary judgment against the corporate defendant upon the complaint and as dismissed said defendant's counterclaim; (b) from so much of the judgment entered February 2, 1962 on said order as is in favor of plaintiff against the corporate defendant for $6,619.25; and (c) from so much of an order dated April 9, 1962, resettling said order and judgment, and from so much of the judgment as resettled, as is in favor of the plaintiff and against the corporate defendant; and (2) The individual defendant appeals (a) from so much of the order dated January 2, 1962, as granted plaintiff's application to renew its motion for summary judgment and as dismissed his counterclaim; and (b) from so much of the order of April 9, 1962 and the judgment as resettled as is in favor of the plaintiff and against him. The plaintiff appeals from so much of the order of April 9, 1962 and the judgment as resettled, as dismissed the complaint with respect to the individual defendant. Order of April 9, 1962, and judgment as resettled, insofar as appealed from by

the respective parties, affirmed, without costs. Appeal by the corporate defendant and the individual defendant from the original order of January 2, 1962 and from the original judgment of February 2, 1962, dismissed. Such order and judgment were superseded by the order of April 9, 1962 and the judgment as resettled. In our opinion, the contract consisted of the five sheets of paper handed up to us on the argument in photo copy and referred to in the record as "Exhibit D". It appears that the individual defendant signed the contract on behalf of the corporate defendant and not on his own behalf; that installation of the equipment in question was completed by plaintiff prior to the commencement of the action; and that the written contract contains no provision as to the time for performance. Were it not for the inclusion therein of the further provisions hereafter quoted, the matter set forth in the affidavits submitted on behalf of the defendants, to the effect that there was an oral agreement that performance by the plaintiff was to be completed on or before June 1, 1960, and that plaintiff did not complete performance until June 15, 1960, would have been sufficient to show the existence of triable issues of fact. The provision which by statute (Personal Property Law, § 124, subd. 2) is read into a written contract of sale when the writing itself is silent as to time for the seller's performance, namely: that the time is to be within a reasonable time, is not applicable where the contracting parties have in fact agreed as to the time for such performance but omitted such term from the writing. In such a situation the writing, without the agreed provision as to time, is incomplete as a contract (*Berman Stores Co.* v. *Hirsh*, 240 N. Y. 209; 3 Corbin, Contracts, § 593). However, we may give no heed to the defendant's claim of the extraneous agreement as to the time for performance by plaintiff, for the written contract contains the following express provisions: (1) "The foregoing shall constitute the entire contract between the parties and no understanding or obligations not therein expressly set forth are binding upon them;" and (2) "No modification hereof shall be binding unless duly accepted in writing". (See 3 Corbin, Contracts, § 578.) Since here the corporate defendant, as buyer, has accepted and actually received the goods in question, there can be no defense that all the essential terms of the contract were not in writing (Personal Property Law, § 85, subd. 1, par. [b]). Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.