LOUIS RUZICKA, APPELLEE, v. MATT HOTOVY, APPELLANT.

FILED NOVEMBER 2, 1904. No. 13,458.

1. **Statute of Frauds: MEMORANDUM OF CONTRACT OF SALE.** A memorandum of a contract of sale which fails to specify which quarter of a named section of land is intended, and states the number of the range without specifying whether it is east or west, is not void under the statute of frauds for uncertainty in description,

if the description is otherwise specific, and the land intended can be identified from the description with the aid of parol evidence.

2. ———: ———. Our statute of frauds does not require all the terms of the contract to be stated in the written memorandum tnereof; if the time for consummation of the contract by executing the deed and paying the consideration is not stated, nor whether securities are to be given for deferred payments, if any, these matters may be shown by parol evidence.

3. Specific Performance: DECREE. A provision in a decree of specific performance in favor of a plaintiff that plaintiff shall secure deferred payments by mortgage upon the premises is not prejudicial to defendant, and, plaintiff not having appealed therefrom, it will not be disturbed.

4. Appeal: DEPOSIT. When a decree in equity requires the plaintiff to deposit money or securities in court as conditions precedent to enforcing the decree against the defendant, and defendant, within the time limited for making such deposit, appeals from said decree and supersedes the same, the time allowed for making the deposit is thereby extended until a like time after the decree becomes again enforceable.

5. Decree: INTEREST. It being contemplated in the contract that interest on deferred payments should run from the completion of the contract by the execution of the conveyance, the decree is sufficiently definite upon that point if it specifies when the deed is to be made, and the notes and mortgage for the deferred payments executed. It will be implied that interest is to run from the execution of the notes.

APPEAL from the district court for Butler county: SAMUEL H. SORNBORGER, JUDGE. *Affirmed.*

*Arthur J. Evans* and *L. S. Hastings,* for appellant.

*Matt Miller, contra.*

SEDGWICK, J.

Decree was entered in the court below in favor of this plaintiff for the specific performance of a contract as follows:

"DWIGHT, NEB., 7-11-1901.

"I the undersigned Louis Ruzicka tender one hundred

dollars on ¼ Se. 7, T. 13, R. 4 and have purchased same for $5500.00 on 5 years, 4 years at $900.00 and 5 years $1200.00 at 5%.                         M. HOTOVY."

The principal question contested in the court below and mainly relied upon here is the sufficiency of this memorandum under the statute of frauds. Issue was tendered in the answer as to the execution of the memorandum by Mr. Hotovy, and there were allegations that it was procured by fraud; but the findings of the trial court upon these questions are so manifestly supported by the evidence, and the only findings that the evidence would warrant, that it seems unnecessary to discuss them here.

1. It is first contended that the memorandum is too indefinite to be enforced, because it does not specify which quarter of the section was intended, nor whether the range in which the land lies is east or west of the meridian. The petition alleges that the southeast quarter of the section was intended, and that the land contracted for lies in range 4 east of the 6th principal meridian. The evidence shows that Mr. Hotovy at that time owned the southeast quarter of section 7 in township 13 north of range 4 east of the 6th principal meridian; that this land was then being occupied and used by his tenant; that he had no other land that could possibly have been intended; and that both parties understood these facts and contracted with reference to this farm. This renders the memorandum sufficiently definite in this respect to comply with the statute of frauds. The case of *Ballou v. Sherwood*, 32 Neb. 666, is precisely in point, and disposes of this objection. *Adams v. Thompson*, 28 Neb. 53.

2. The second objection to the memorandum is more serious. The defendant contends that the memorandum to comply with the statute of frauds must state the consideration and the terms and conditions of payment. The second paragraph of the syllabus in *Nelson v. Shelby Mfg. & I. Co.*, 38 Am. St. Rep. 116 (96 Ala. 515), is:

"A contract for the sale of land is not sufficient to

satisfy the requirements of the statute of frauds if the precise terms of payment cannot be ascertained therefrom without resorting to parol evidence."

This appears to be the rule applied by a large majority of the courts of this country, but we do not consider it to be the law in this state.

In *Morrison v. Dailey,* 6 S. W. (Tex.) 426, the memorandum was: "Lancaster, June 28, 1887. Received from H. Morrison forty dollars on my place, known as the 'James Perry Tract of Land,' which tract I have sold to him for forty-five hundred dollars, part cash, and the balance to bear interest at ten per cent. per annum until paid. Mrs. N. B. Dailey,"—and the court, in discussing the fact that there was no mention in the memorandum of the time of payment of the balance of the purchase price said:

"The weight of authority seems to be in favor of the rule that all the material terms of the contract should appear in the writing (citing cases). But the contrary rule is not without authority to support it (citing authorities which hold a different rule). The courts which held the affirmative of the question seem to base their conclusion upon the ground that, by the use of the word 'agreement,' or of the word 'contract,' the statute meant all stipulations agreed to by the parties. On the other hand, it is considered by some of the authorities that the object of the statute, so far as lands are concerned, was to abrogate parol titles, and that this was sufficiently accomplished by a memorandum of the promise to convey the land, to be signed by the vendor, without requiring the other terms of the agreement to be stated."

The statute of Alabama, under which *Nelson v. Shelby Mfg. & I. Co., supra,* was decided, expressly provided that the consideration must be stated in the memorandum. Our statute contains no such provision. It provides, not that the contract itself must be in writing, but that "some note or memorandum thereof" must be.

In New York, under a statute which required that the consideration of the memorandum be expressed in the

writing, it seems to have been held that the terms of payment must be found therein. The law of 1863 (p. 802, ch. 464) having omitted the provision requiring the consideration of the promise to be expressed in the writing, it was held that the writing was sufficient without stating the consideration. *Finkelstein v. Kessler,* 84 N. Y. Supp. 266. The memorandum in question, which was signed by Mr. Hotovy, recites that Mr. Ruzicka has purchased the land in question; that the agreed price is $5,500; that all payments are to be made within five years; that $100 has been paid; that for four years the payments are to be at $900 a year, and the fifth year payment is to be $1,200, and that the rate of interest on the deferred payments is to be 5 per cent. It is therefore lacking in no particulars, unless it be in respect that it does not specify when the remainder of the consideration is to be paid, nor when the transfer is to be made, nor whether the deferred payments are to be secured. These matters may be proved by parol evidence under our statute. Ordinarily, parties to such transactions do not draft their own conveyances, and, as such conveyances must be executed with certain prescribed formalities, it is to be presumed that the parties intended, and the contract contemplated, that the conveyance should be executed and the transaction consummated at once; that is, as soon as it would be reasonably convenient for the parties to do so.

$100 of the purchase price was advanced as earnest money. The times for payments amounting to $4,800 of the $5,500 purchase price were fixed by the memorandum. As to the time of paying the remaining $600 nothing is said in the memorandum. The contract was not void for this omission, as above shown. If no time of payment of the consideration is expressed in a contract of purchase, payment is due upon delivery.

3. It is insisted that the finding that the contract was that the deferred payments should be secured by mortgage on the land is not supported by the evidence. Without such contract, the vendor must rely upon the personal

41

Ruzicka v. Hotovy.

responsibility of the purchaser. The defendant is not prejudiced by this part of the decree of the trial court, and the plaintiff has not appealed therefrom.

4. The plaintiff had deposited in court the $600 for the cash payment, and the court by its decree required a further deposit to be made by him, and the execution and deposit of securities within a time fixed by the court in the decree. After the defendant had given his bond for appeal, which superseded the decree of the trial court, the plaintiff withdrew the deposit which he had made with the clerk of the court in obedience to the decree, and has failed to comply with the terms of the decree in the other respects mentioned. It is insisted that the plaintiff has "thereby abandoned all right accruing to him under the decree." This contention cannot be sustained. The defendant, by taking his appeal and filing his supersedeas bond, has suspended the operation of the decree. The time allowed plaintiff to comply with the terms of the decree has thereby been extended. When the decree becomes again enforceable in the district court, the plaintiff will have the time allowed in the decree in which to comply with these terms.

5. The decree does not prescribe in express terms when the interest upon the deferred payments shall begin. Of course, the contract contemplated that the purchaser should pay interest from the time his purchase was completed and he became entitled to possession of the premises. This sufficiently appears from the decree in which the plaintiff is required to execute and deposit his notes for these payments, bearing interest at five per cent. This cannot be construed otherwise than that interest will run from the date of the notes. At that time, by the terms of the decree, the plaintiff is to have possession of the premises.

The decree of the district court is

AFFIRMED.