CLAUDE W. WRIGHT, APPELLANT, V. CALEB E. NEGUS,
APPELLEE.

FILED NOVEMBER 26, 1923. No. 22574.

1. **Statute of Frauds:** DESCRIPTION OF LAND. Contract composed of letters and telegrams, set out in the opinion, *held* to contain a sufficient description of the land to satisfy the statute of frauds, in view of the allegation of the petition that defendant owned certain land to which the description in the contract could be applied.

2. ———: EXTRINSIC EVIDENCE. Where the writing itself suggests the means of identification of the subject-matter thereof, extrinsic evidence may be received to establish the facts thereby indicated.

APPEAL from the district court for Dodge county: FREDERICK W. BUTTON, JUDGE. *Reversed.*

*F. J. Reed* and *Cosgrave & Campbell,* for appellant.

*Courtright, Sidner, Lee & Gunderson, contra.*

Heard before MORRISSEY, C. J., LETTON and DAY, JJ., REDICK, District Judge.

REDICK, District Judge.

This action is brought to recover damages for the refusal of the defendant to convey 480 acres of land claimed to have been purchased by the plaintiff under a contract consisting of five letters and telegrams passing between the parties in following terms:

"Nickerson, Neb., July 22, 1918.

"C. E. Negus: Have heard nothing from you since our conversation on train, can handle three quarters at thirty per acre pay you nine thousand four hundred, you carry five thousand back, am on deal for another piece land which must close at once, wire if you are ready deal on above basis.

"C. W. Wright."

"Fremont, Neb., July 28, 1918.

"C. W. Wright, Mitchell, Neb. Will sell you three quarters in accordance with your message thirty per acre, nine

thousand four hundred cash, five thousand back put up some money with bank and have them notify me.   Where do you want abstract and deed sent?

"C. E. Negus."

"Mitchell, Neb., July 28, 1918.
"C. E. Negus, Nickerson, Neb.   Will deposit with First National Bank Mitchell five hundred dollars to be paid you as soon as warranty deed reaches bank and eighty-nine hundred soon as abstract is up to date showing. clear title and taxes paid to date.   Five thousand back secured by mortgage on land three quarters owned by you southwest of Morrill interest six per cent on or before five years.

"C. W. Wright."

"Nickerson, Neb., July 31, 1918.
"C. W. Wright, Mitchell, Neb.   Cannot make interest less than eight per cent., reply.

"C. E. Negus."

"Mitchell, Neb., July 31, 1918.
"C. E. Negus, Nickerson, Neb.   Make interest eight per cent.

"C. W. Wright."

The petition set out the description of the land claimed to be the subject of the contract according to government subdivisions, and then contained the following allegations: "That the defendant, during the times herein mentioned, was the owner of said real estate, or claimed and represented himself to the plaintiff that he was such owner, and that he neither owned nor had any interest in, nor claimed to own or have any interest in, any other real estate in the vicinity of Morrill, Nebraska, other than the real estate above described; that on or about the 28th day of June, 1918, he had furnished plaintiff with the legal description of said three quarters of land, and that plaintiff and defendant had each been upon said land, and that there is no other land in any way answering the description of the land involved herein."   Plaintiff then alleges compliance with the

terms of the contract and the refusal of the defendant to convey.

The defendant answered, alleging that petition did not state facts sufficient to constitute a cause of action; that the contract is void under the statutes of this state; denies all other allegations; and alleges that he had some negotiations with plaintiff for certain lands in Scotts Bluff county, Nebraska, but was only acting as agent for the owners, which fact was well known to the plaintiff. The allegations of the answer were put in issue by reply. The case came on for trial before a jury, and, upon plaintiff being sworn, defendant objected to the introduction of any testimony "for the reason that plaintiff's petition does not state facts sufficient to constitute a cause of action, in that there is no description alleged in the contract set out as a basis for this action." The objection was sustained and the jury instructed to render a verdict for the defendant, which was done, and the action dismissed by the court, and plaintiff appeals.

The question for determination is whether or not the contract contains a sufficient description of the land to satisfy the statute of frauds requiring that the contract or some note or memorandum thereof be in writing. The general principle governing this class of cases is that the writing itself must furnish the means of identification, but where the description in the writing is of a general character suggesting means of identification it will be sufficient, as in the following cases: *Ballou v. Sherwood*, 32 Neb. 666, "twenty acres adjoining Cote Brilliante, Douglas county;" *Adams v. Thompson*, 28 Neb. 53, "five a. McShane Sub.," the court holding that it was proper to prove by parol testimony that the defendant owned five acres in McShane's subdivision, and to identify it as the land referred to in the contract; *Holliday v. McWilliams*, 76 Neb. 324, the farm was described as located three miles from the county seat and mentioned the number of acres under cultivation, and it was held that from this data and the county records the land could be identified and a specific description ascer-

Wright v. Negus.

tained; *Ruzicka v. Hotovy,* 72 Neb. 589, where the particular quarter of the section was not specified in the contract, and it was held that extrinsic evidence showing that the defendant owned the southeast quarter, that it was in possession of his tenant, and that he had no other land that could possibly have been intended, was properly received to identify the subject of the contract; *Powers v. Bohuslav,* 84 Neb. 179, the attempted description was too defective to identify the land, but the writing referred to it as a farm owned by defendant containing 120 acres located in section 27, 3¼ miles from Brainard, and a description of the improvements, and it was held that these matters, taken together with the defective description, made the contract sufficiently definite. Perhaps the case of *Schneider v. Patterson,* 38 Neb. 680, has extended the application of these principles further than any other case from this court. There the description was "Four acres out of lot 4 in S. E. ¼ of the N. W. ¼ of Sec. 5, T. 12, R. 11, in Cass county, Neb., lying on the north side of the railroad track," and it appearing that the lessor owned more than four acres lying north of the railroad track, plaintiffs were permitted to show that the parties had gone upon the land, plowed a furrow along a portion of what was intended to be one of the lines of the tract, stepped off the rest of the tract and agreed as to the boundaries.

We think the principles announced in those cases rule this one. It must be presumed that the vendor was selling land which he owned or claimed to own. The letters speak of "three quarters," and that of July 28, 1918, contains the words, "Five thousand back secured by mortgage on land three quarters owned by you southwest of Morrill," so without the aid of any presumption, the words of the contract indicate that land owned by defendant Negus southwest of Morrill was the particular land to be sold, and this language of the contract itself points the way by which the land may be identified; that is, an examination of the records of Morrill county whereby the particular description of lands owned by Negus may be supplied. And plaintiff alleged in

the petition that no lands southwest of Morrill are owned or claimed by Negus other than those described in the petition. The means of identification are ample and the description in the contract sufficiently certain.

In *McCarn v. London,* 83 Neb. 201, cited by defendant, the description was, "The north ———feet of lot 8, block 182," and there was nothing else in the writing by which the particular portion of the lot might be identified; and it appearing that the defendant owned the whole lot, the description was insufficient. If in that case the defendant had owned only a definite portion in the north part of the lot, doubtless that fact could have been shown by extrinsic evidence for the purpose of identifying the subject of the contract. *Heenan & Finlen v. Parmele,* 80 Neb. 509, 514, also cited, was where the contract was contained in letters passing between the parties, and was held to be within the statute by the first opinion; but on rehearing it was held that the contract was made sufficiently definite by the fact that one of the letters was accompanied by an abstract of title containing a sufficient description. These and two other cases cited by defendant do not sustain his position as applied to the facts presented by the petition in the case at bar.

We conclude that, if plaintiff proves the allegations of the petition to the effect that the defendant was the owner of the lands described therein at the time the contract was made, the description therein was sufficiently definite to satisfy the statute, and that the district court erred in sustaining defendant's objection and dismissing the case. The answer of defendant denies that he was the owner of the land, and, of course, if plaintiff cannot prove his allegation in that respect his action will fail.

REVERSED AND REMANDED.