ROBERT M. CAMPBELL, APPELLEE, V. KEWANEE FINANCE COMPANY: HARVEY HESS ET AL., APPELLANTS.

277 N. W. 593

FILED FEBRUARY 11, 1938. No. 30175.

*F. J. Reed,* for appellants.

*Mothersead & York, contra.*

Heard before Goss, C. J., EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ.

DAY, J.

This is a suit to quiet the title to a tract of Sioux county land, and to obtain other equitable relief. The appellants are Harvey Hess and his wife, Elizabeth Hess, tenants in possession of the farm. They claimed a right or interest in the land other than as tenants. The appellee filed a demurrer to the second amended answer and cross-petition of the defendants, which was sustained by the court. The

appellants elected to stand on their second amended answer and cross-petition and refused to plead further, and the trial court entered judgment on the appellee's petition.

Prior to February, 1927, the appellants were the owners of the real estate herein involved. At that time the land was covered by a real estate mortgage in favor of Union State Bank & Trust Company. This mortgage was in foreclosure, and a decree had been entered. There was in this case a decree for a second lien on said real estate for approximately $4,000. A release of this second lien was secured, and Mr. and Mrs. Hess executed a warranty deed to the premises. At the same time the bank executed a written option to Harvey Hess, giving him a right to repurchase. The appellee is the receiver of the Union State Bank & Trust Company, and has sold the farm to another for $6,000. The mortgage was originally made to the Kewanee Finance Company, and by it transferred to the bank as collateral. Since there is no issue to this assignment, it will not be mentioned again.

The gist of the present controversy is that after the written option an agent of the bank with respect to the land, R. P. Palmer, made a verbal agreement with Harvey Hess. It is alleged that he agreed that the appellants should be given the first chance and opportunity to buy the farm at any such reduced price, and that the appellants should make certain substantial improvements to the premises.

It is provided by the statutes: "Every contract for * * * the sale of any lands, shall be void unless the contract or some note or memorandum thereof be in writing and signed by the party by whom the * * * sale is to be made." Comp. St. 1929, sec. 36-105. This has long been the law of this state, and has often been construed by this court. Under our statute of frauds, the contract or some note or memorandum must be signed by the vendor, and the name or description of the vendee must also appear. *Barkhurst v. Nevins,* 106 Neb. 33, 182 N. W. 563. In every instance the court has held that the contract or some note or memorandum must be in writing. The contents of the

contract or memorandum designated are the names of parties, description of land, price, general terms, and the signature of the vendor. *Gardels v. Kloke,* 36 Neb. 493, 54 N. W. 834.

There follows section 36-106, Comp. St. 1929, which provides: "Nothing in this chapter contained shall be construed to abridge the powers of the court of equity to compel the specific performance of agreements in cases of part performance." It is argued here that there is such a part performance that the one option is removed from the operative effect of the statute of frauds. The appellants rely upon the fact that they leased the premises after the execution of the deed, and that, on account of the oral option of repurchase, they kept the premises in repair and the land in a high state of cultivation. Specifically, the answer alleges that, in reliance upon this oral option, they painted the dwelling-house, hauled large amounts of manure from other farms, and, at a great expense for labor and teams, leveled a borrow pit. The appellants also assert in their answer that, in accordance with the oral agreement, they have constructed an underground pipe line to feed yards, a concrete feeding platform, and have reconstructed the electric lighting plant. It is averred that all these improvements are reasonably worth $500. The appellants assert they are ready, willing, and able to exercise their option by purchasing this land for $6,000. The appellants leased the premises until February 28, 1937. The rights the appellants assert are other and different than those of tenants. They arise, if at all, from the alleged oral agreement for an option to purchase. The oral option is not dependent in any way upon the deed the appellants executed to the appellee in 1927. The consideration for that deed was, of course, the debt and a written option for repurchase. This written option has never been exercised, and is not now sought to be enforced. However, the answer and cross-petition alleges a good defense to the suit. If evidence is produced to sustain the truth of the allegations, the appellants have rights in the

property other than those of a tenant. The consideration for the oral option is the expense incurred for the improvements and repairs upon the farm after the agreement was made. If the evidence does not establish part performance, then, certainly, the appellants have no rights in the property. An oral contract partly performed, which the statute of frauds requires to be in writing, will be enforced by a court of equity. *Lucas v. County Recorder of Cass County,* 75 Neb. 351, 106 N. W. 217. It is almost the universal rule that an oral contract partly performed will be enforced by a court of equity, although the statute of frauds requires such a contract to be in writing. For all practical purposes this case is simplified. The issue for the court to decide from the evidence is whether such agreement existed, its terms, and whether the appellants performed the conditions alleged. It is alleged in the answer that these expenditures were made in reliance upon the oral agreement, and were not required of the appellants as tenants. Certain other arguments are advanced which are not essential to the determination of this case. The trial court erred in sustaining a demurrer to the answer.

REVERSED.