LLOYD H. HERBSTREITH, ET UX, APPELLEES, V. LUTHER
WALLS, ET UX, APPELLANTS.

25 N. W. 2d 409

FILED DECEMBER 20, 1946. No. 32123.

*Baldwin & Pike,* for appellants.

*Waring & Waring,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEA-
GER, CHAPPELL, and WENKE, JJ., and WILSON, District
Judge.

CARTER, J.

This is a suit to obtain specific performance of an alleged
oral contract for the sale of real estate. The trial court
found for the plaintiff and entered a decree requiring the
defendant to perform the oral agreement. The defendant
appeals.

On March 20, 1941, the defendant was the owner of a
residence property in Alexandria, Nebraska. On that date

he rented it to the plaintiff for nine dollars per month. Some time thereafter negotiations for the sale of the property to the plaintiff were commenced. This culminated in the parties meeting in a lawyer's office in Hebron on July 29, 1941, for the purpose of having a written contract of sale prepared and executed. One of the parties was unable to wait until the contract was ready for execution. It was subsequently obtained and agreed to and tentative arrangements made to go to Daykin for the purpose of executing the written agreement, an arrangement brought about by defendant's refusal to have the contract executed at the local bank. The result was that the written agreement was never signed.

The unexecuted written contract provided for monthly payments, graduated in amount on a yearly basis. During the first year plaintiff was to make monthly installments of $13.18, the second year $12.89, the third year $12.28, and a lesser amount each year thereafter until the $1,000 purchase price was paid. The plaintiff continued in possession of the property and was in possession when the present suit was commenced.

There appears in the bill of exceptions a receipt in the handwriting of the defendant in which he acknowledges that he received payments of $13.18 for the months of August 1941, through June 1942, and $12.89 for August and September 1942. These payments agree in amounts with the payments required by the unsigned written agreement. The evidence also shows that plaintiff paid the taxes on the property since August 1, 1941, the first year by a repayment of them to the defendant after defendant had paid them, his receipt for which appears in the record. The record also shows that plaintiff procured and paid for the insurance on the property.

The evidence shows that plaintiff became in default in the fall of 1942. The plaintiff's wife tendered a check to defendant for five monthly payments which he declined to take. Plaintiff's wife then procured the cash and tendered

it, and defendant also refused it on the ground that the contract was not good. The evidence shows further that an army airfield was erected a few miles north of Alexandria in the fall of 1942, with the result that residence properties became in great demand with a corresponding increase in value. The only questions to be decided are: Was there an oral agreement proven, and if so, was there a sufficient part performance to take it out of the statute of frauds?

That an oral agreement was entered into for the sale of the property is clearly established by the record. The principal issue briefed and orally argued is whether the part performance shown was sufficient to take the case out of the statute of frauds.

The applicable portion of the statute of frauds provides that every contract for the sale of any lands shall be void unless the contract or some note or memorandum thereof be in writing and signed by the party by whom the sale is to be made. § 36-105, R. S. 1943. The power of a court of equity to compel specific performance of agreements in cases of part performance is recognized by another section of the statute. § 36-106, R. S. 1943.

It is urged by the defendant that, as plaintiff gained possession of the property as a tenant, the continued possession is not such a part performance of a verbal contract for the purchase of land as to take the case out of the statute of frauds. This is, of course, the general rule and unless it appears that the continued possession was in pursuance of the agreement alleged, it will not tend to relieve from the effect of the statute of frauds. ·Bigler v. Baker, 40 Neb. 325, 58 N. W. 1026; Lewis v. North, 62 Neb. 552, 87 N. W. 312. The general rule is stated by an authoritative text in the following language: "The continuance in possession by a purchaser who is already in possession may, in a proper case, be sufficiently referable to the parol contract of sale to constitute a part performance thereof. There may be additional acts or peculiar circumstances which sufficiently refer the possession to the contract. So, a prior possession

by the purchaser is not an absolute bar to proof of a change in the character of the possession after the making of a parol contract of sale, although it may cast upon the purchaser the burden of showing that his continued possession is referable to the contract. In order to establish that a continuance in possession refers to an oral contract, there must be shown a radical change of circumstances consisting of acts done—a notorious change which itself indicates that some contract has been made between the parties." 49 Am. Jur., Statute of Frauds, § 442, p. 748. The rule in this state is that such oral agreements are void on their face as within the statute of frauds because not in writing, even though proved by clear and satisfactory evidence, unless there has been part performance by the promisee which is solely referable to the contract sought to be established and not such as might be referable to any other contract or situation. Diez v. Rosicky, 145 Neb. 242, 16 N. W. 2d 155; Crnkovich v. Crnkovich, 144 Neb. 904, 15 N. W. 2d 66; Taylor v. Clark, on rehearing, 143 Neb. 563, 13 N. W. 2d 621.

We agree, therefore, that the evidence must show that the continuance of possession must be supported by evidence showing that it resulted from and was referable solely to the oral agreement alleged. We think the evidence was sufficient to sustain the finding of the trial court that the continued possession was sufficiently referable to the parol contract of sale to constitute a part performance thereof. The payments made were in the denominations prescribed by the oral agreement as shown by the receipts given by the defendant himself. They were clearly made as payments of the purchase price and not as rent. The taxes and insurance were paid by the plaintiff with the full knowledge of the defendant and they are incidents of ownership and not of mere tenancy. The payments in the denominations made can be explained only as payments on the purchase price. The payments of taxes and insurance can be accounted for only on the theory that they are referable to a contract of purchase.

It is urged by the defendant that the payment of the consideration of an oral contract is not a sufficient part performance to take the agreement out of the statute of frauds for the reason that an action at law to recover back affords an adequate remedy. Riddell v. Riddell, 70 Neb. 472, 97 N. W. 609; Taylor v. Clark, *supra*.

But the general rule is that the payment of the purchase money, in connection with other acts of part performance, may authorize the specific enforcement of an oral contract. Possession by the vendee under the contract and his payment of the purchase price are sufficient to take the case from under the statute of frauds. An actual reentry by the owner is not required to show a change in the character of the possession from that of tenant to that of owner where there are other acts which show such change to have been in fact made. "Thus, in cases where a tenant continues in possession under an alleged agreement for a new tenancy, the purpose is answered by proof of any act on his own part, done with the privity of the owner of the fee, which is inconsistent with the previous holding, and is such as clearly indicates a change in the relation of the parties— as when he makes improvements upon the premises, this fact is of great weight to show a change in the holding." Underwood v. Underwood, 48 Mo. 527. See Bresnahan v. Bresnahan, 71 Minn. 1, 73 N. W. 515.

It is urged that a complete remedy at law exists by the vendee of real estate under a parol agreement for being deprived of his possession the same as exists for the recovery back of the purchase price paid. The authorities are in conflict on this subject. In Lamb v. Hinman, 46 Mich. 112, 8 N. W. 709, the alleged distinction was analyzed as follows: "The reason why taking possession under an oral contract is recognized as a ground for specific performance when payment of the purchase price is not, is that in one case there is no standard for the estimate of damages when the contract is repudiated, and in the other there is a standard that is definite and certain. A purchaser who takes posses-

sion of land under an oral purchase is likely in so doing to change very considerably—perhaps wholly—the general course of his life as previously planned by him; and if he is evicted on a repudiation of the contract, any estimate of his loss by others must, in many cases, be mere guess-work. The rule, therefore, rests upon the element of uncertainty, and not upon any technical ground of exclusiveness in the possession."

While it is unnecessary to a decision for us to decide in this case whether or not taking possession under an oral contract of sale is of itself sufficient to constitute a part performance that would take the agreement out of the statute of frauds, we have no hesitancy in saying that the taking of possession under the oral agreement, plus the payment of the purchase price or a portion thereof, will have that effect. This seems to be in line with Restatement wherein it is said in substance that where, acting under an oral contract for the transfer of an interest in land, the purchaser with the assent of the vendor takes possession thereof or retains a possession thereof existing at the time of the bargain, and also pays a portion or all of the purchase price, the purchaser or the vendor may specifically enforce the contract. Restatement of the Law, Contracts, § 197, p. 260.

We think the evidence is sufficient to show that plaintiff retained possession of the lands in question under the oral agreement to sell and that the payments made after the oral agreement was made were paid pursuant to such oral agreement, and no other. Under such circumstances an affirmance is required.

AFFIRMED.