THOMAS BAKER ET AL., APPELLANTS, v. ASBURY HEAVRIN, APPELLEE.

29 N. W. 2d 375

Filed October 24, 1947.    No. 32215.

*Fischer, Fischer & Fischer,* for appellants.

*Gross & Welch* and *Harold W. Kauffman,* for appellee.

Heard before SIMMONS, C. J., PAINE, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ., and THOMSEN, District Judge.

YEAGER, J.

This is an action in equity by plaintiffs and appellants against defendant and appellee for specific performance of an oral contract for the purchase of certain real estate situate in Valley, Douglas County, Nebraska, and an oil or filling station and cabin camp located thereon.

There was a trial to the court which resulted in a decree denying specific performance and an order for the return to plaintiff of $100 which was given to defendant as earnest money and an order for the return to defendant of the abstract of title to the real estate involved.

From the decree denying specific performance of the contract plaintiffs have appealed. There is no cross-appeal.

The substantial contention of plaintiffs in their petition is that on April 17, 1946, they entered into an oral contract with defendant for the property in question for the agreed price of $8,000 and that they paid thereon $100; that relying on the agreement, and in part performance, they procured a loan of $5,300 with which to pay a part of the purchase price and that the plaintiff Baker relying on the agreement has turned down several opportunities for profitable employment and further that the plaintiffs purchased tools of the value of $50 to be used in the operation of the business on the property. They have not alleged a date for the completion of performance of the agreement. They alleged that defendant informed them that he had removed the property from the market and refused to complete the contract. They did not tender performance nor allege ability to perform.

In his answer the defendant renewed a general demurrer and denied that a sale of the property was ever made and pleaded that if any agreement was made it was oral, within the prohibition of the statute of frauds, and therefore illegal and void. Further answering, the defendant alleged that an oral agreement for the sale of the property for $8,000 was entered into on April 8, 1946; that on that date he received from plaintiffs $100 to be applied on the purchase price; that as a part of the agreement plaintiffs were to pay the balance, or $7,900, on or before April 20, 1946, and that the deal would expire on that date; and that since plain-

tiffs did not perform by that date he notified them of his refusal to complete performance.

The plaintiffs filed no reply but the parties appear to have treated the affirmative allegations of the answer as having been traversed.

As a basis for the decree denying specific performance the court found generally against the plaintiffs on their petition and in favor of the defendant on his answer and specifically found that plaintiffs had not sustained their petition.

As grounds for reversal plaintiffs assert (1) that the court erred in finding generally for the defendant and appellee, and (2) that the court erred in finding that the plaintiffs failed to sustain their petition.

In the light of the issues the rights of the parties hereto must be determined through an application of the following statutory provisions:

"Every contract for the leasing for a longer period than one year, or for the sale of any lands, shall be void unless the contract or some note or memorandum thereof be in writing and signed by the party by whom the lease or sale is to be made." § 36-105, R. S. 1943.

"Nothing contained in sections 36-101 to 36-106 shall be construed to abridge the powers of a court of equity to compel the specific performance of agreements in cases of part performance." § 36-106, R. S. 1943.

Before it may be said that plaintiffs have sustained their petition, they must present a record which will remove their contract from the operation of section 36-105, R. S. 1943, and bring it within the control of section 36-106, R. S. 1943. In order that this may be accomplished the evidence must disclose an oral contract clear, satisfactory, and unequivocal in its terms; that there was part performance by the party seeking specific performance of the oral contract; that the thing done constituting part performance was referable to the contract sought to be enforced and not such as might be referable to some other or different contract;

and that the thing done in part performance was some act recognizable as a basis in equity for granting relief. Overlander v. Ware, 102 Neb. 216, 166 N. W. 611; Taylor v. Clark, on rehearing, 143 Neb. 563, 13 N. W. 2d 621.

It appears clearly, satisfactorily, and unequivocally that there was an oral agreement unequivocal in terms, except in a single particular, for the sale of the property in question not only from the evidence but also by admission of defendant in his answer. Plaintiffs' evidence indicated that the terms included no specific time for completion of performance whereas the evidence of defendant indicated April 20, 1946, as the final date for completion of performance.

Since the defendant did not insist upon performance on April 20 and by his evidence declared a willingness to perform up to and including April 30, 1946, we feel that we must resolve this disputed question in favor of plaintiffs, the effect of which is to say that an oral contract unequivocal in terms was clearly, satisfactorily, and unequivocally proved.

That there was part performance and that the part performance was referable to the proved contract and did not contain the possibility of reference to any other or different contract there can be no question. The part performance was the payment of $100 of the purchase price. There was no evidence of any other act or acts which within the meaning of the law could be considered part performance.

It is true that plaintiffs proved that they had obtained a commitment for a loan on the property in question conditioned on clarity of the title in defendant and transfer thereof to plaintiffs by defendant. The defendant however had no knowledge of the commitment until after he had notified plaintiffs of his unwillingness to complete the contract, and at no time was defendant a party to the negotiations or transactions involved in obtaining the commitment. The evidence disclosed that the plaintiff Baker discontinued employment and pur-

chased tools and equipment suitable for use in the business to be conducted on the property but these things were not done in part performance of the agreement but in reliance upon his own belief that the contract would be consummated. There is evidence that after defendant had communicated his unwillingness to complete the contract plaintiffs obtained an opinion on the abstract of title confirming the availability of the loan for $5,300 and also had made available to them an additional loan sufficient to pay the balance of the purchase price agreed upon, but it is clear that these matters had no contemplation within the proved terms of the agreement between the parties hereto. The most that can be said is that these enumerated acts were referable to the contract but it cannot well be said that they were in part performance of it.

Returning then to the part performance which was proved, it becomes necessary to say that this furnishes no ground for a decree of specific performance of the agreement. This part performance was solely and alone the payment of a part of the consideration. Even payment of the entire consideration of an oral contract for the purchase of real estate is not alone sufficient part performance to take a case out of the statute of frauds. Bloomfield State Bank v. Miller, 55 Neb. 243, 75 N. W. 569; Riddell v. Riddell, 70 Neb. 472, 97 N. W. 609; Barkhurst v. Nevins, 106 Neb. 33, 182 N. W. 563; Herring v. Whitford, 119 Neb. 725, 230 N. W. 665; Taylor v. Clark, *supra.*

In Herbstreith v. Walls, 147 Neb. 805, 25 N. W. 2d 409, this rule of law is referred to with approval and in that opinion in the following words the necessity for proof of other acts of part performance in order to enforce an oral contract for the sale of real estate is pointed out: "But the general rule is that the payment of the purchase money, in connection with other acts of part performance, may authorize the specific enforcement of an oral contract."

Thus we conclude that the plaintiffs have failed to prove acts of part performance which remove the agreement sued upon from the operation of section 36-105, R. S. 1943.

For the reasons herein stated the decree of the district court is affirmed.

AFFIRMED.