GEORGE W. ORD, APPELLEE, v. VERN BENSON, APPELLANT.

79 N. W. 2d 713

Filed December 14, 1956. No. 34020.

*Ginsburg, Rosenberg & Ginsburg* and *Raymond B. Morrissey,* for appellant.

*Robert S. Finn* and *Leslie H. Noble,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an action at law to recover damages for breach of contract in the sale of a farm tractor. A jury was waived and a trial had to the court. The trial court found for the plaintiff in the sum of $365.92 and entered judgment for that amount. The defendant appeals.

The plaintiff was engaged in the implement business at Beatrice, Nebraska. The defendant was engaged in farming. The evidence shows that on May 31, 1952, defendant came to plaintiff's place of business where he observed a new Ferguson tractor. After some negotiations the plaintiff filled out an order for a new Ferguson 30 tractor, No. T081084. The trade-in of a 1943 Ford Ferguson tractor was noted on the order "subject to look at Ford Ferguson tractor." The difference to be paid was noted as $1,500. The order was signed by the defendant with his full name and by the plaintiff with his initials. The next day plaintiff went to the home of defendant, examined the old tractor, and accepted it as satisfactory. The defendant agreed to come to plaintiff's place of business the next day which was Monday, June 2, 1952, to close the deal. The defendant refused to go through with the transaction. The $1,500 was not paid and the new tractor was not delivered. This action was instituted by the plaintiff for the loss of profit sustained by defendant's breach of contract. The defendant's answer was a general denial. The defense made at the trial was that the transaction was in violation of the statute of frauds and that the deal was never fully consummated. The defendant alleges that the trial court erred in failing to hold that the transaction contra-

vened the statute of frauds and in finding that the evidence sustained a judgment for the plaintiff in the amount of $365.92.

We point out that the action was one at law in which a jury was waived. Under such circumstances, the findings of the trial court are equivalent to the verdict of a jury. If there is a conflict in the evidence this court in reviewing the judgment rendered will presume that controverted facts were decided by the trial court in favor of the successful party and the findings will not be disturbed unless clearly wrong. Wallace v. Insurance Co. of North America, 162 Neb. 172, 75 N. W. 2d 549; Grant v. Williams, 158 Neb. 107, 62 N. W. 2d 532. We necessarily conclude that the conflicts in the oral testimony offered at the trial must be resolved in favor of the plaintiff.

It is contended by the defendant that the statute of frauds is a defense to the present action. This defense was properly raised by a general denial. Benes v. Reed, 158 Neb. 128, 62 N. W. 2d 320. The statute of frauds provides in part: "(1) A contract to sell or a sale of any goods or choses in action of the value of five hundred dollars or upwards shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf." § 69-404, R. R. S. 1943. The order for the purchase of the tractor was admittedly signed by the defendant, the person to be charged. The only question here presented is the sufficiency of the signed order to constitute a note or memorandum in writing as required by the statute.

The sufficiency of a memorandum in writing to make enforceable a contract within the statute is set forth in Restatement, Contracts, section 207, page 278, as follows:

"A memorandum, in order to make enforceable a contract within the Statute, may be any document or writing, formal or informal, signed by the party to be charged or by his agent actually or apparently authorized thereunto, which states with reasonable certainty, (a) each party to the contract either by his own name, or by such a description as will serve to identify him, or by the name or description of his agent, and (b) the land, goods or other subject-matter to which the contract relates, and (c) the terms and conditions of all the promises constituting the contract and by whom and to whom the promises are made." The memorandum in writing in the present case designates with certainty the parties to the contract and the subject matter to which the contract relates. The defendant asserts that it does not include all of the essential terms and conditions of the sale in that it does not set forth the date of delivery, the date of settlement, and who was to make the delivery. We think the memorandum is sufficient in this respect since the omitted statements are only what the law would imply in such a contract stated in the memorandum. The law implies a delivery by the seller within a reasonable time and that the price will be paid on delivery of the subject matter. Restatement, Contracts, § 207, Comment a, Illustration 12, p. 282. The memorandum in writing required by the statute of frauds is not the contract, but only written evidence of an oral contract. The requirement of a memorandum in writing presupposes the existence of such a contract. The memorandum must contain a statement of the essential terms of the oral contract. If the time of delivery of the goods and the time of their payment is an integral part of the oral contract, they must be set out in the written memorandum. But if, as here, they are not agreed upon in the oral contract, the law implies that the delivery was to be made in a reasonable time and that payment would be made upon delivery. The rule is stated in Berman Stores Co. v. Hirsh, 240 N. Y. 209, 148 N. E. 212, as

follows: "If the parol agreement fixed no time for delivery the memorandum evidencing the contract is sufficient under the statute since it contains all the terms which have been agreed on. In such case the law supplies the missing term and requires delivery within a reasonable time. If, on the other hand, the time was fixed by the parties the memorandum is insufficient." We conclude from the foregoing authorities that as the oral contract did not provide for the time of delivery and payment, the law supplies the missing terms and the written memorandum meets the requirements of the statute of frauds.

The defendant complains that the evidence was insufficient to sustain the amount of the judgment rendered. The evidence shows that the new tractor cost the plaintiff $1,413.49. The retail list price was shown to be $1,779.41. It is evident that the trial court entered judgment for the difference amounting to $365.92. There is no evidence in the record as to the market value of the new tractor at the time of the sale. The market value of the old tractor traded in by the defendant is not shown.

The Uniform Sales Act provides in part: "(1) Where the buyer wrongfully neglects or refuses to accept and pay for the goods, the seller may maintain an action against him for damages for nonacceptance. (2) The measure of damages is the estimated loss directly and naturally resulting, in the ordinary course of events, from the buyer's breach of contract. (3) Where there is an available market for the goods in question, the measure of damages is, in the absence of special circumstances, showing proximate damage of a greater amount, the difference between the contract price and the market or current price at the time or times when the goods ought to have been accepted, or, if no time was fixed for acceptance, then at the time of the refusal to accept." § 69-464, R. R. S. 1943. See, also, Jobbers Overall Co. v. Deputy Co., 109 Neb. 703, 192 N. W. 210. There is no

evidence in the record as to the market value of the new tractor. The retail price of the tractor is a speculative price and not proper to be here considered under the measure of damages fixed by the statute. The measure of damages applied by the trial court is not the proper one. There is no evidence in the record to sustain a judgment for any amount other than nominal damages. The market value of the 1943 tractor is not shown. It is evident therefore that there is no evidence in the record showing the contract price or the reasonable market value of the new tractor. There is no evidence in the record properly to be considered which supports the trial court's finding. The judgment is therefore clearly wrong. The evidence being wholly insufficient to sustain the judgment of the trial court, it cannot stand. The judgment of the trial court is therefore reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.