ALPHONSE J. HEINE, APPELLANT, V. LEONARD T. FLEISCHER ET AL., APPELLEES.

167 N. W. 2d 572

Filed May 2, 1969. No. 37211.

Rice, Rice & Roubicek and George F. Johnson, for appellant.

Deutsch & Hagen and Cleo F. Robak, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

The defendants, Leonard T. Fleischer and Kenneth W. Fleischer, granted an option to the plaintiff, Alphonse J. Heine, to purchase land in Knox County, Nebraska, owned by the defendants. The option was exercised and a deed delivered on March 30, 1962.

This action was brought to recover damages resulting from the failure of the defendants to deliver possession in accordance with their alleged oral agreement. The trial court sustained defendants' demurrer ore tenus and dismissed the action. The plaintiff's motion for new trial was overruled and he has appealed.

The second amended petition alleged that the option agreement, entered into on January 10, 1962, was partly written and partly oral; that the plaintiff had 90 days from January 10 in which to exercise the option but that the defendants had agreed, orally, to deliver possession on March 1; that the final payment was made and the deed delivered on March 30; that the plaintiff had agreed to extend the date for delivery of possession to March 30; and that "at said time it was agreed between the parties that the defendants would move their cattle and give immediate possession to plaintiff." It further alleged: "that as the proximate result of the defendants breach of their agreement to deliver possession of said ranch and remove their cattle therefrom in accordance with the agreement of March 30, 1962, the plaintiff * * *" was damaged.

The memorandum or writing which the defendants executed and delivered on January 10, 1962, contained no provision in regard to delivery of possession. It is clear from the record that the plaintiff was attempting to recover for the breach of an alleged oral agreement relating to the delivery of possession.

The memorandum required by the statute of frauds must contain the essential terms of the contract. Ord v. Benson, 163 Neb. 367, 79 N. W. 2d 713; Restatement, Contracts, § 207, p. 278. Time for performance is not ordinarily an essential term of the contract because the law implies that it shall take place within a reasonable time. But if the time for performance is specified, it must be included in the memorandum to be enforceable. Ord v. Benson, *supra*.

The plaintiff contends that the statute of frauds is

not applicable because he has fully performed his part of the contract. The plaintiff's performance consisted of the payment of the purchase price. Payment of the entire consideration of an oral contract for the purchase of real estate is not alone sufficient part performance to prevent the application of the statute of frauds. Baker v. Heavrin, 148 Neb. 766, 29 N. W. 2d 375.

To the extent that Ruzicka v. Hotovy, 72 Neb. 589, 101 N. W. 328, is in conflict with this opinion, it is overruled.

The judgment of the district court is affirmed.

AFFIRMED.

NEWTON, J., not participating.