JOSEPH REIFENRATH, APPELLANT, v. BEATRICE HANSEN ET AL., APPELLEES.

206 N. W. 2d 42

Filed April 6, 1973.   No. 38596.

John V. Addison, for appellant.

Smith, Smith & Boyd, for appellees.·

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, ·McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

Plaintiff filed this action upon an alleged contract for the sale of real estate. He prayed for an order requiring the defendants to submit the formal real estate contract to him "or to enter an order setting forth such contract in full with the terms thereof and to require defendants to comply therewith." The case was tried to the District Court without a jury. The court found that the evidence was insufficient to establish the issues essential for the formation of a contract or to establish part performance sufficient to remove the transaction from the statute of frauds, and insufficient to sustain a decree for specific performance. The court thereupon sustained defendants' previous motion and dismissed the action.

The plaintiff Reifenrath on April 8, 1970, delivered a check payable to the defendants in the sum of $5,000 as a downpayment upon the purchase of certain described unimproved real estate in Dixon County. The plaintiff for an undisclosed number of years had been and was on April 8, 1970, the tenant in possession of the land. The receipt for the $5,000 check signed by Beatrice Hansen, one of the defendants, read: "Received of Joe Reifenrath the sum of $5000.00 (Five Thousand Dollars)· as payment in part for land in Dixon County, to be covered

by contract, which contract shall be drawn up by our attorney, with the approval of his attorney, in the very near future." The check was cashed by the defendants, Beatrice Hansen and Gertrude Brown.

Sometime later in the summer of 1970, a form of proposed real estate contract was delivered by the defendants' attorney to the plaintiff's attorney and discussed by the plaintiff with his attorney. The proposed form of contract provided for a purchase price of $61,020; acknowledged receipt of the $5,000 downpayment; and provided for the payment of the balance by the payment of $5,602 on April 15, 1971, and on April 15 each year thereafter, plus interest at 6 percent per annum. This proposed contract was never signed by either the defendants or the plaintiff, and had no description of the land involved. At approximately the same time in August of 1970, the plaintiff received a letter from each of the two defendants indicating that each assumed the contract would probably be completed and the property sold to the plaintiff.

On October 28, 1970, plaintiff's attorney wrote to the defendants' attorney suggesting a redraft of the proposed agreement to include requirements for a deed in escrow with the right to make payments to the escrow agent in the event of the death of one of the defendants; to provide for the right to assign the contract by the plaintiff, at least for security purposes in borrowing; a provision assigning the rents to the buyer; plus provisions dealing with certain pending litigation and fencing to be paid for by the defendants. On November 14, 1970, a title opinion by plaintiff's attorney directed to the plaintiff stated: "(T)he record title is not absolutely certain and a land survey and a quiet title action would be necessary to completely establish the exact boundaries of this property." The abstract report is the only place any description of the land may be found, and it also indicates that there is substantial accretion land not included in the abstractor's certificate.

In December of 1970, the plaintiff received a letter from the defendants refusing to sell to him on contract and the defendants tendered their check refunding the $5,000 downpayment. Plaintiff then offered to buy the property on a cash basis. Defendants refused the offer.

At the end of the year 1970, the plaintiff delivered to the defendants a paper written by him reporting the amount of corn raised during the year 1970 computed on a two-fifths basis and referring to pasture rent and alfalfa rent and showing a total of $2,052.80. No part of that amount was paid and plaintiff testified that it was not intended as a rental accounting. The record also shows that the plaintiff had signed with the A.S.C.S. program for the year 1970 as a cash renter and had received the entire A.S.C.S. payment for that year. The defendants paid the real estate taxes for 1970.

On April 2, 1971, the plaintiff tendered to the defendants his check for $8,361.20 as payment due on a purchase. The tender was refused and this action was filed on April 16, 1971. In August of 1971, plaintiff received notice from the defendants to terminate his tenancy and deliver possession of the premises to the defendants on March 1, 1972. On January 4, 1972, the plaintiff paid to the county treasurer the first half of the 1971 taxes.

The District Court found that there was not a sufficient meeting of the minds of all parties essential to the formation of a contract; that the evidence was not sufficient to establish part performance to remove the transaction from the statute of frauds; that there was no evidence of agency between defendants; and that the alleged contract is not complete and certain in all essential elements so as to require or allow the court to decree specific performance. The District Court thereupon dismissed plaintiff's petition.

The plaintiff's first contention is that the various written memoranda were sufficient to constitute a contract or writing sufficient to satisfy the requirements of the

statute of frauds if they are all interpreted together.

Section 36-105, R. R. S. 1943, provides: "Every con- tract * * * for the sale of any lands, shall be void unless the contract or some note or memorandum thereof be in writing and signed by the party by whom the * * * sale is to be made." In this case there is no writing or series of writings signed by both the defendants which contain all the essential elements of the alleged contract. Neither is there any proof that either defendant was the agent of the other defendant. The one document which might be said to embody a proposed contract not only was not signed by either defendant but was admittedly never accepted or signed by the plaintiff and contained no description of the land.

Certain legal principles are critical here. One is that specific performance of a contract will not be decreed unless the minds of the parties to the contract have met. To establish a contract capable of specific enforcement, it must be shown that there was a definite offer and an unconditional acceptance. Horn v. Stuckey, 146 Neb. 625, 20 N. W. 2d 692.

It is self-evident here that even if the proposed agreement had been signed by both defendants, it was never unconditionally accepted by the plaintiff. When it was withdrawn by the defendants, it was succeeded by a counter-proposal of the plaintiff for a cash purchase which was, in turn, refused by the defendants.

A court of equity will not enforce a contract unless it is complete and certain in all its essential elements. The parties themselves must agree upon the material and necessary details of the bargain; and if any of these be omitted, or left obscure or indefinite, so as to leave the intention of the parties uncertain respecting the substantial terms, the case is not one for specific performance. It is not a function of a court of equity to make a contract for the parties or to supply any of the material stipulations thereof. Kubicek v. Kubicek, 186 Neb. 802, 186 N. W. 2d 923. The memorandum required by the

statute of frauds must contain the essential terms of the contract. Heine v. Fleischer, 184 Neb. 379, 167 N. W. 2d 572.

The plaintiff also urges that the evidence is sufficient to establish an oral contract in equity and part performance of it. We have consistently required that a party seeking specific performance of an oral contract for the sale of real estate upon the basis of part performance must prove an oral contract, the terms of which are clear, satisfactory, and unequivocal, and that the acts done in part performance were referrable solely to the contract sought to be enforced, and not such as might be referrable to some other or different contract, and further that nonperformance by the other party would amount to a fraud upon the party seeking specific performance. See Anderson v. Anderson, 150 Neb. 879, 36 N. W. 2d 287.

The only part performance that could be relied upon here is the making of the $5,000 downpayment and continued possession of the land by a tenant. Neither is sufficient. See, Heine v. Fleischer, *supra;* Herbstreith v. Walls, 147 Neb. 805, 25 N. W. 2d 409. Even if these acts were deemed to be referrable only to the alleged purchase contract, the terms of such contract here are neither clear, satisfactory, nor unequivocal.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.